### Barnes, et ux. *v.* McCandless Township Sanitary Authority.

458

Argued March 6, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*George R. Specter*, with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig*, for appellants.

*William H. Markus*, with him *Edmond B. Smith, Jr.*, for appellee.

OPINION BY JUDGE WILKINSON, April 10, 1973:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, Civil Division, in an appeal from the assessment of benefits by a Board of View. The court order appealed from determined that the deed from appellants to appellee for a right of way for a sewer did not constitute an agreement between the parties that benefits could not be assessed against the property of the appellants. It is not contested that the court had authority to make the preliminary determination. See Act of June 22, 1964, Spec. Sess., P. L. 84, Art. V, Section 517, 26 P.S. §1-517. Appellants signed a deed granting a right of way against their property to appellee. The deed stated:

"Now, THEREFORE, in true consideration of the sum of One ($1.00) Dollar in hand paid by the GRANTEE to the GRANTORS, the receipt of which is hereby acknowledged, and in further consideration of the excavation, construction and laying by the GRANTEE of a Sewer in the right-of-way hereinafter described, . . . .

"To HAVE AND TO HOLD unto the GRANTEE, its successors and assigns, together with the right to enter upon said right-of-way for the purpose of repairing, maintaining and replacing the said sewer. The GRANTOR and MORTGAGEE do hereby release the GRANTEE, its successors and assigns, from all damages which might be assessed to the property of said GRANTORS by reason of the construction, maintenance, repairs, or removal of the said sewer. The MORTGAGEE joins in this grant to indicate consent to same and agrees that its mortgage

of record in Mortgage Book Volume 4549, Page 133, in the Recorder of Deeds Office of Allegheny County, Pennsylvania, is held with like force and effect as though said Mortgage were acknowledged, dated and recorded on a date subsequent to the grant of this Agreement. This grant is perpetual."

Grantors take the position that since the deed contained the provision that it was in consideration of the installation of the sewer, this, by implication, constituted a release by the grantee of its rights to assess benefits against the property. The lower court ruled against appellants' position and we must affirm.

There is no doubt that the Authority, appellee, could have waived the right to assess benefits as was done in *Nether Providence Township Sewer District Assessment Case,* 148 Pa. Superior Ct. 7, 24 A. 2d 678 (1942), and *Gladwyne Colony, Inc. v. Lower Merion Township,* 409 Pa. 441, 187 A. 2d 549 (1963). However, in these cases, it was quite clear that there was an agreement to waive the right to assess benefits, and the only issue in dispute was the propriety of doing so. Here, the issue is whether there was any such waiver.

It will be noted that the deed expressly waived the right of the grantors to claim damages. Under appellants' theory, this was unnecessary. The consideration of one dollar ($1.00) and the installation of the line would have implied the waiver and it would have been signed by the parties to be charged. If the parties felt it was necessary to insert expressly the waiver of the assessment of damages, then certainly had they, at the same time and by the same instrument, have intended to waive the assessment of benefits, they would have inserted such a waiver as well. The presence of one and the absence of the other make it clear to us that the other was not intended. Indeed, if we were to take the position of the appellants that the deed constituted a

release by the appellee, we would have a serious question of the applicability of the Statute of Frauds, for the deed is not signed by the appellee, the party to be charged. Further, if it is to be treated as a condition of the grant, there has been no breach and, therefore, no right to reenter since the condition has, in fact, been met, i.e., the sewer has been installed.

Finally, appellants assert that if the deed is not interpreted as containing a release from the assessment of benefits, then it is unsupported by consideration and must fall. Suffice it to say that the deed recites: "One ($1.00) Dollar in hand paid by the GRANTEE to the GRANTORS, the receipt of which is hereby acknowledged." Further, the instrument not only states it is under seal but, in fact, is under seal. *See Caplan v. Pittsburgh*, 375 Pa. 268, 100 A. 2d 380 (1953).

Affirmed.

---

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. The printed form of the "Grant of Right-of-Way" was prepared by the Authority. The typed material inserted onto the printed form was prepared by the Authority. My review of the statement of the consideration paid by the Authority to the Barnes leads me to conclude that it is ambiguously stated. The consideration portion reads as follows: "Now, THEREFORE, in true consideration of the sum of One ($1.00) Dollar in hand paid by the GRANTEE to the GRANTORS, the receipt of which is hereby acknowledged, *and in further consideration of the excavation, construction and laying by the GRANTEE of a Sewer* in the right-of-way hereinafter described, the GRANTORS do hereby give, grant, bargain, sell and convey unto the GRANTEE, . . . a right-of-way over, under, in and upon which to construct, lay and maintain a sanitary sewer. . . ." (Emphasis added.)

From my point of view, it would be logical for a reasonable man to interpret the italicized portion to mean that he was to receive the benefits of the existence of the sewer line on his property in exchange for one dollar and the inconvenience and damages suffered on installation and future maintenance.

It is certainly a well-established principle of law that where there is an ambiguity in a document, under which an interpretation of the ambiguous language can run to the benefit of either the drawer of the instrument or the other party to the instrument, that the benefit will run to the party which did not draw the instrument, and the instrument will be construed against the party who drew the instrument. *See Consolidated Tile & Slate Co. v. Fox,* 410 Pa. 336, 339, 189 A. 2d 228, 229-230 (1963), wherein our Supreme Court stated: "Admittedly, the defendants' lawyer prepared the agreement. If it is ambiguous and reasonably susceptible of two interpretations, it must be construed most strongly against those who drew it: Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 404 Pa. 53, 171 A. 2d 185 (1961). Likewise, if the language of the contract is ambiguous and susceptible of two interpretations, one of which makes it fair, customary and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not likely enter into, the construction which makes it rational and probable must be preferred: Wilkes-Barre Township School Dist. v. Corgan, 403 Pa. 383, 170 A. 2d 97 (1961), and Heidt v. Aughenbaugh Coal Co., 406 Pa. 188, 176 A. 2d 400 (1962). Moreover, if the language of a contract is ambiguous, parol testimony is admissible to aid in its construction: Dowgiel v. Reid, 359 Pa. 448, 59 A. 2d 115 (1948); Herr Estate, 400 Pa. 90, 161 A. 2d 32 (1960)."

The manner in which this instrument in question was obtained from the grantees (Barnes) was described to this Court by counsel and this description provides an additional reason for this dissent. This right-of-way document was not the result of drawn-out negotiations, after lengthy research and preparation by the attorneys for the two parties involved. The manner in which the instrument was obtained follows what has become the usual practice in obtaining such sewer rights-of-way. A right-of-way man goes out into the neighborhood or area where the sewer has been planned. He goes door to door talking with property owners and for many reasons, some arising out of civic duty or a feeling of civic pride, obtains the signatures of property owners after extolling the virtues of civic municipal improvements.

It would not take an expert draftsman to make the printed form used in this case explicit and beyond question, as the Authority's draftsman did on damages in the right-of-way document here in question. As I view the consideration clause quoted above, it would be a simple matter to insert just two words to make it clear that benefits were not to be intended as part of the consideration. For example, the consideration clause could read: ". . . and in further consideration of the excavation, construction and laying, *excepting benefits,* by the GRANTEE. . . ." This would accomplish what the Authority claims was its real intent. Better yet, a whole sentence inserted into the Authority's form could make it crystal clear. Such a sentence would read: "Nothing in this contract shall be interpreted to deny the GRANTEE [Authority] the right to assess benefits against the GRANTORS [Barnes]." Without such cautionary language, I cannot in good conscience bring myself to interpret the document in question with its

ambiguous language as hereinbefore described to be interpreted for the benefit of the Authority.

Furthermore, I question the use of the "Statute of Frauds" in this case. This case was commenced by an assessment of benefits by a Board of View. On appeal, our Court should determine whether there was a legal basis for the assessment. If there was no legal basis for it, then it cannot be assessed, whether the Authority signed a document or not.

Judge MENCER joins in this dissenting opinion.