Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Anthony S. Pruss and Mary Pruss, his wife, Appellees.

574

[redacted]

Argued October 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward D. Werblun,* Assistant Attorney General, with him *Irwin Albert,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Andrew Hailstone,* with him *Robert J. Conway, Warren, Henkelman, McMenamin & Kreder* and *Conway, Decker, Barna & Spall,* for appellees.

OPINION BY JUDGE MENCER, December 9, 1974:

On January 29, 1970, pursuant to Section 502(e) of the Eminent Domain Code,[1] Anthony S. Pruss and his

---

[1] Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §1-502(e) (Supp. 1974-1975).

wife, Mary Pruss (appellees), filed a petition for the appointment of viewers with the Court of Common Pleas of Wayne County. Their petition alleged that they were the owners of a certain tract of land in Wayne County which had been acquired, appropriated, and condemned by the Commonwealth of Pennsylvania (appellant) and that the parties were unable to agree upon the compensation to be paid for appellees' property.

On January 29, 1970, the Court granted appellees' petition and appointed viewers. On February 21, 1970, appellant filed preliminary objections to appellees' petition, alleging that appellees had conveyed an easement in the land in question to appellant by a deed dated July 10, 1967. Appellees filed an answer to appellant's preliminary objections, admitting that a deed dated July 10, 1967 had conveyed an easement for highway purposes to appellant but alleging that (1) said deed was procured by fraud, (2) there was a mutual mistake of the parties as to the nature of the instrument and the consequences of its signing, and (3) the value of the property affected by condemnation was in excess of $50,000.[2]

The lower court then held a hearing on appellant's preliminary objections, at which time both sides produced evidence concerning the events surrounding the execution of the deed dated July 10, 1967. At the close of this hearing, the lower court issued an "Opinion an Order" in which it refused to dismiss the viewers and directed them "to proceed with the view, assess damages and report back to the Court." Appellant now appeals from this order.

Our careful reading and rereading of the lower court's opinon leaves us confused as to the effect it has on appellant's preliminary objections. It would seem

---

[2] The record reveals that the consideration paid appellees under the deed of July 10, 1967 was $12,650.

that, while the preliminary objections are not specifically overruled, the Court's refusal to dismiss the viewers is, in reality, an overruling of the preliminary objections. On the other hand, some of the language used by the Court in its opinion implies that the Court desires to use the findings of the viewers to assist the Court in deciding the preliminary objections. We conclude that such use of the viewers would be inappropriate.

The court, when faced with preliminary objections raising issues of fact, should hold a hearing at which evidence may be produced in support of or against the preliminary objections. We can find no authority which permits the court to utilize viewers to aid in the disposition of preliminary objections.

In conclusion, because we are unsure as to what the Court has decided, we must remand the case to the Court for an unequivocal decision on appellant's preliminary objections. Of course, the Court may take further evidence in deciding issues of fact in accordance with Pennsylvania Rule of Civil Procedure 1028(c). However, the Court should retain the viewers only upon the overruling of appellant's preliminary objections.

Case remanded to the Court of Common Pleas of Wayne County for proceedings not inconsistent with this opinion.