In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation of Right of Way for Legislative Route 169, Section 28, Claim No. 4004323.

Rev. Charles R. Thomas and Laura Thomas, his wife *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued September 28, 1978, before Judges Crumlish, Jr., DiSalle and MacPhail, sitting as a panel of three.

*Patrick J. Lavelle,* Special Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*E. Charles Coslett,* with him *Charles R. Coslett,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., March 9, 1979:

The Commonwealth of Pennsylvania, Department of Transportation (PennDOT) appeals the lower court's dismissal of its preliminary objections to a petition for the appointment of viewers filed pursuant to Section 502 of the Eminent Domain Code (Code)[1] by the Reverend Charles R. Thomas and his wife, Laura Thomas (Condemnees).

Condemnees petitioned the lower court to appoint viewers on November 9, 1973, alleging that PennDOT had taken, injured or destroyed property they owned in Bear Creek Township, Luzerne County, Pennsylvania, though no declaration of taking had been filed. A Board of Viewers was appointed August 8, 1974. PennDOT filed preliminary objections to the petition in the nature of a demurrer alleging that Condemnees had conveyed an easement to the land in question (approximately .047 acres of unimproved land) by a deed executed and delivered on December 3, 1970, in consideration for which Condemnees received $4,500 as the agreed full settlement.[2] Condemnees filed an

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502.

[2] Condemnees executed and delivered to PennDOT an agreement of sale, deed of easement and final settlement statement on December 3, 1970. The agreement of sale and deed of easement both contained similar releases. The release contained in the agreement of sale provided:

The SELLER does further remise, release, quitclaim and forever discharge the COMMONWEALTH or any agency or political subdivision thereof or its or their employees or representatives of and from all suits, damages, claims and demands which the SELLER might otherwise have been entitled to assert under the provisions of the Eminent Domain Code, Act No. 6, 1964 Special Session, for or on account of any injury to or destruction of the aforesaid property of the SELLER through or by reason of the aforesaid highway construction or improvement.

answer to PennDOT's preliminary objections, admitting that they had executed an agreement of sale and deed of easement but alleging that said deed was procured as a result of fraudulent misrepresentation by a PennDOT employee[3] as to whether or not the $4,500 check received was a final complete payment or a preliminary pro tanto payment.[4]

The trial court dismissed the preliminary objections and submitted the issue of misrepresentation to the Board of Viewers as the trier of fact. An appeal to our Court ensued[5] and, acting upon a joint petition to remand filed by the parties herein, we remanded the case on October 28, 1976, for resolution of the factual and legal issues involved.

On remand, the lower court considered depositions taken by the parties and found that the agreement of sale and deed of easement were executed, delivered and recorded by the parties and that Condemnees were paid $4,500 by PennDOT. The court then made two further findings of fact.

---

Condemnees also executed and delivered a plot plan attached to the deed of easement which indicated the area to be affected and stated in part that the plan had been examined and explained to them.

[3] One Joseph T. Keating, a claims negotiator for the Bureau of Right-of-Way.

[4] Upon receipt of the $4,500 check on January 15, 1971, Condemnees wrote a letter to the "Pa. Dept. of Highways, Director-Legal Bureau, Scranton, Pa." which provided in pertinent part as follows:

I accept this on the condition, that after the improvements to the highway have been completed: I might make an appeal as to the amount of settlement. . . . After the improvements to the highway is completed, and I see clearly the conditions existing then; I may or may not make an appeal.

I accept check, without prejudice to future action; if that is necessary.

[5] No. 1720 C.D. 1975.

5. That said check was not accepted by the Plaintiffs [Condemnees] as full and complete compensation for any damages they sustained.

6. That said check was accepted by the Plaintiffs [Condemnees] with a reservation of right to proceed on their claim for damages after the Commonwealth [PennDOT] completed the work around their property and clearly set forth in the letter dated January 15, 1971, which Plaintiffs [Condemnees] sent to the Commonwealth [PennDOT].

On these facts, the lower court concluded that Condemnees were entitled to have a Board of View appointed to assess any further damages due and, for the second time, dismissed PennDOT's preliminary objections. This appeal followed.

On appeal, PennDOT contends that the lower court failed to resolve the threshold legal and factual issues of alleged misrepresentation and that Condemnees' execution of the releases contained in the agreement of sale and deed of easements, as a matter of law, bars any further claim for damages to the same affected area.

Preliminary objections in eminent domain cases serve a broader purpose than in other cases and are appropriate vehicles to resolve legal and factual issues. *Perfection Plastics, Inc. Appeal,* 28 Pa. Commonwealth Ct. 396, 368 A.2d 917 (1977). PennDOT's objection to the appointment of viewers on the grounds that Condemnees' claim is not compensable was properly raised preliminarily for the lower court's determination.

Having subjected the instant releases to strict scrutiny in order to prevent overreaching, we nonetheless hold that they are sufficiently specific to bar recovery by Condemnees. Therefore, in order to make out a legal cause of action by setting aside the writ-

ten instruments containing the releases, Condemnees must establish by clear, precise and convincing evidence either fraud, duress or deception by PennDOT or a *mutual* mistake of a material fact by the parties to the instruments. *McClelland Appeal,* 430 Pa. 284, 242 A.2d 438 (1968); *Finsel v. Department of Transportation,* 22 Pa. Commonwealth Ct. 474, 349 A.2d 785 (1975); *Department of Transportation v. Pruss,* 15 Pa. Commonwealth Ct. 573, 329 A.2d 865 (1974).

Although the court below, by dismissing the preliminary objections, apparently determined that a legal cause of action had been stated by Condemnees' petition, its findings of fact do not support its conclusion that the releases are not effective bars to Condemnees' suit for damages under the Code.

Findings of Fact Nos. 5 and 6 merely reflect Condemnees' subjective understanding of the ramifications of their settlement and are not conclusive of whether or not that understanding was induced by any misrepresentations by PennDOT. We reject Condemnees' argument that by dismissing the preliminary objections, the court below has implicitly made the required determination of the essential elements of fraud[6] sufficient to nullify the signed releases. We will not infer findings not actually made by the court

---

[6] Fraud is established upon a showing that one has made a misrepresentation of a material fact, either with knowledge of its falsity or reckless thereof, and that the misrepresentation was a material inducement upon which the deceived party justifiably relied to his detriment. *Brentwater Homes, Inc. v. Weibley,* 471 Pa. 17, 369 A.2d 1172 (1977); *Neuman v. Corn Exchange National Bank and Trust Co.,* 356 Pa. 442, 51 A.2d 759 (1947). Evidence of fraud sufficient to overturn a written instrument must meet an exacting standard: testimony supporting the conclusion of fraud must be clear and precise, witnesses must be credible and narrate the specifics of the fraudulent transaction with sufficient detail. *See Edelstein v. Carole House Apartments, Inc.,* 220 Pa. Superior Ct. 298, 286 A.2d 658 (1971).

below. *See Monaco v. Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 363 A.2d 857 (1976). Nor will we, as a reviewing court, make our own findings of fact since the resolution of conflicts in evidence and determination of the credibility of witnesses in eminent domain cases are properly within the lower court's province. *Pennsylvania Game Commission v. Benek,* 32 Pa. Commonwealth Ct. 133, 378 A. 2d 497 (1977).

Although we regret the necessity of extending this already protracted litigation, we find it necessary to remand this case to the court below in order that explicit findings be made on the issue of alleged misrepresentation. Of course, the court is empowered to take further evidence in deciding factual issues pursuant to Pa. R.C.P. No. 1028(c).

Accordingly, we

ORDER

AND Now, this 9th day of March, 1979, the order of the Court of Common Pleas of Luzerne County dated August 10, 1977, dismissing the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation, is vacated, and the matter is hereby remanded to that court for explicit findings on the issue of alleged misrepresentations by a PennDOT employe.