## Lancaster Airport Authority v. Wickersham Properties Inc.

*Robert W. Hallinger*, for condemnor.
*Peter M. Schannauer*, for condemnee.

GEORGELIS, *J.*, December 11, 1987 — Before the court are the preliminary objections of the Lancaster Airport Authority (hereafter condemnor) to the tender of possession and demand for payment of just compensation of Wickersham Properties Inc. (hereafter condemnee). Briefs have been filed by both parties, and the objections are, therefore, ready for disposition. For the reasons stated below, they will be sustained.

The relevant factual history, as alleged in the condemnor's declaration of taking, is that the condemnor's board has condemned land owned by the condemnee and seeks, pursuant to Pennsylvania's Eminent Domain Code, 26 P.S. §§1-101 et seq., to take this land for the purpose of maintaining a clear zone approach to one of the runways of the Lancaster Airport. The procedural history is as follows. The condemnor, on July 15, 1987, posted bond and filed its declaration of taking, in response to which the condemnee filed preliminary objections on August 12, 1987. On September 9, 1987, the condemnee filed its tender of possession and demand for payment of just compensation, in response to which the condemnor filed preliminary objections on September 18, 1987.

It is this latter set of preliminary objections which is before the court for disposition. The issue posed by those objections is whether a condemnee's tender of possession and demand for just compensation are appropriate when preliminary objections to a declaration of taking are pending. We believe that they are not.

The condemnee argues that it is entitled to just compensation, pursuant to §1-407 of the code, even though it has preliminarily objected to the declaration of taking. He refers us to subsections (a) and (b), which read as follows:

"(a) The condemnor, *after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking* shall be entitled to possession or right of entry upon payment of, or a written offer to pay to the condemnee, the amount of just compensation as estimated by the condemnor. If a condemnee thereafter refuses to deliver possession or permit right of entry, the prothonotary upon praecipe of the condemnor shall is-

sue a rule, returnable in five days after service upon the condemnee, to show cause why a writ of possession should not issue, upon which the court, *unless preliminary objections warranting delay are pending,* may issue a writ of possession conditioned upon payment to the condemnee or into court of such estimated just compensation and on such other terms as the court may direct.

"(b) If within 60 days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor. If the condemnor fails to make such payment the court, upon petition of the condemnee, may compel the condemnor to file a declaration of estimated just compensation or, if the condemnor fails or refuses to file such declaration, may at the cost of the condemnor appoint an impartial expert appraiser to estimate the amount of the estimated just compensation." (emphasis added)

The condemnee argues that subsection (b) mandates the payment of compensation within 60 days of the filing of the declaration of taking and that the legislature's omission of provisions for delaying compensation due to pending preliminary objections was not an oversight. In support of this argument, it contends that, if the legislature intended a delay in compensation due to pending preliminary objections, it would have included that language within subsection (b), as it did in subsection (a).

Finally, it argues that, even if it is appropriate to delay payment due to pending preliminary objections, it should be only for such objections which, if sustained, would result in a dismissal of the action.

It concedes that its preliminary objections to the declaration of taking, even if sustained, would not result in a dismissal of this action and, therefore, should not delay payment.

On the other hand, the condemnor arues that there are conceptual problems presented by the condemnee's actions and that it would be inconsistent and inappropriate to provide payment when the condemnee's objections question the taking and the amount of land to be taken. It argues further that, since those objections request the removal of some of the land from the taking, a just compensation cannot be accurately estimated.

The issue presented sub judice appears to be of first impression in the commonwealth, and the code does not specifically address it. In addition to the two subsections of §1-407, to which the condemnee refers us, we believe §1-406 is helpful in the analysis of the issue. Its subsection (a) provides as follows:

"(a) Within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. The court upon cause shown may extend the time for filing preliminary objections. Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof."

This subsection, then, provides the exclusive relief to a declaration of taking, and the condemnee seeks that relief by having filed its objections to the condemnor's declaration of taking.

We believe that it is conceptually improper, as the condemnor argues, to attempt to invoke the provisions of §1-407 of the code, with the preliminary objections to the declaration of taking pending. As noted, preliminary objections to a declaration of taking play an essential role in eminent domain cases, and they are a condemnee's exclusive means for challenging the proceedings. *Mahan v. Lower Merion Township,* 418 Pa. 558, 212 A.2d 217 (1965); *A Condemnation in Rem by the Redevelopment Authority of the City of Johnstown,* 60 Pa. Commw. 520, 432 A.2d 276 (1981). In fact, our Commonwealth Court has held that "preliminary objections in eminent domain cases serve a broader purpose than in other cases and are appropriate vehicles to resolve legal and factual questions." *In re Condemnation by Commonwealth Department of Transportation,* 41 Pa. Commw. 168, 172, 398 A.2d 1076, 1078 (1979).

With preliminary objections being assigned such significance by the code and by our appellate courts, their procedural importance cannot be discounted. Even though the Pennsylvania Rules of Civil Procedure do not apply in eminent domain proceedings (see *PennDOT v. Hess et al.,* 55 Pa. Commw. 27, 423 A.2d 434 (1980)), we believe an analogy with other civil cases to which those rules apply is appropriate. Pennsylvania courts have traditionally resolved preliminary objections to any pleading before allowing any other pleading to be filed and adjudicated. This is so, even though the Pennsylvania Rules of Civil Procedure identify such other pleadings and the rules applicable to them, without stating that those pleadings can be filed only if preliminary objections have been adjudicated or have not been filed.

Similarly, we believe that section 1-407 of the code addresses the questions of possession, entry and payment of compensation and makes relief in those areas available, but only after the preliminary objections, addressed in section 1-406, are adjudicated. We believe that inherent in the "after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking" language, which the legislature has included in the first sentence of section 1-407(a), must be the assumption that preliminary objections have not been filed. We also believe that the "unless preliminary objections warranting delay are pending" language, which is contained section 1-407(a) and on which the condemnee relies, refers to such objections to a writ of possession as discussed in that subsection. Finally, this is why we believe that section 1-407(b) does not contain similar language regarding pending objections. Since that subsection continues to discuss consequences of possession and entry by a condemnor, the language in subsection (a) regarding objections to a writ of possession continues to apply.

A review of the record indicates that the condemnee in its preliminary objections to the declaration of taking seeks, inter alia, the removal of one of the condemned lots and the amendment of the declaration of taking to more accurately and adequately identify the condemned property. Therefore, even though the condemnee validly argues that its preliminary objections to the declaration of taking cannot result in a dismissal of the action, they could significantly alter it. Such an alteration must be known before possession and compensation.

In light of this and in light of the significance the code and our appellate courts place on preliminary

objections to a declaration of taking, we do not believe that these proceedings can continue before the condemnee's preliminary objections to the declaration of taking are adjudicated. Therefore, we do not believe that the condemnee's tender of possession and demand for just compensation are appropriate at this stage of the proceedings.

Accordingly, we enter the following

## ORDER

And now, December 11, 1987, for all of the reasons stated in the foregoing opinion, the Lancaster Airport Authority's preliminary objections to Wickersham Properties Inc.'s tender of possession and demand for payment of just compensation are sustained. The tender of possession and demand for payment of just compensation are stricken.