591 A.2d 335

**Debra Jo YANSSENS, Appellant,**

v.

**The MUNICIPAL AUTHORITY OF the TOWNSHIP OF FRANKLIN, BEAVER COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided May 10, 1991.

Gregory S. Fox, Ellwood City, for appellant.

George H. Hancher, Zelienople, for appellee.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Debra Jo Yanssens (Yanssens) appeals from the April 19, 1990 order of the Court of Common Pleas of Beaver County which sustained the preliminary objections of the Municipal Authority of the Township of Franklin (Authority) to Yanssens' petition for appointment of a board of viewers.

On December 30, 1988, Yanssens filed a petition for appointment of a board of viewers pursuant to the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903, alleging that the Authority acquired, appropriated, and condemned a right-of-way over her property by installing a public sewer through her property and that the parties were unable to agree upon the just compensation to be made by the Authority for the right-of-way. The trial court appointed a board of viewers as requested by order dated December 30, 1988.

On August 24, 1989, the Authority filed preliminary objections to the petition asserting that on June 20, 1985, Yanssens had executed and delivered to the Authority a deed conveying a right-of-way to the Authority for installation of an underground sanitary sewer through her property and that since the public sewer was installed pursuant to the right-of-way thus granted, no de facto taking had occurred. No response to the preliminary objections was filed by Yanssens. The trial court, after argument, sustained the Authority's preliminary objections and dismissed Yanssens' petition.

The right-of-way deed executed by Yanssens provided in pertinent part:

[T]hat the said party of the first part, in consideration of the sum of ($1.00) Dollar to her now paid by the said party of the second part, do grant, bargain, sell and convey unto the said party of the second part, its successors and assigns,

A right of way twenty (20′) feet in width for the construction, operation and maintenance of an underground sanitary sewer line, over my property lying and being situate in the Township of Franklin, Beaver County ..., the center line of which is more particularly bounded and described as follows....

The right-of-way deed did not contain a provision which expressly released the Authority from damages that the right-of-way may cause to Yanssens' property nor reserved Yanssens' right to claim damages.

 On appeal, Yanssens argues, based upon the absence of a release provision in the deed, that she should be permitted to seek damages against the Authority.[1] The Authority, on the other hand, argues that since Yanssens executed a right-of-way deed for the very purposes of allowing the Authority to install, operate and maintain a public sewer, she cannot thereafter claim a de facto taking and seek damages for depreciation of the value of her property resulting from the existence of the right-of-way. Thus, the issue presented in this appeal is whether a landowner who has granted a right-of-way to a township Authority for installation of a public sewer and has been paid consideration therefor, may thereafter claim a de facto taking and seek damages consisting of a diminution of the value of the property resulting from installation of the

---

1. Yanssens alleges, in the statement of matters complained of filed with the trial court pursuant to Pa.R.A.P. 1925(b), that the right-of-way has reduced the value of her property by $5,000. Thus, she is not seeking any *consequential* damages under Section 1–612 of the Code, 26 P.S. § 1–612, which allows an owner of the property abutting the area of an improvement to seek damages from (1) the change of grade of a road or highway, (2) permanent interference with access thereto, or (3) injury to surface support, whether or not any property is taken. *See Capece v. City of Philadelphia,* 123 Pa.Commonwealth Ct. 86, 552 A.2d 1147 (1989).

sewer within the right-of-way thus granted, where the landowner did not in the deed reserve a right to seek further damages.[2]

Section 1–502(e) of the Code, 26 P.S. 1–502(e), provides that "[i]f there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers...." A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his or her property. The landowner must establish that the depreciation was a direct and necessary consequence of the entity's action. *McGaffic v. Redevelopment Authority of City of New Castle*, 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989).

In the matter *sub judice*, the Authority installed the public sewer through Yanssens' property pursuant to the right-of-way which Yanssens granted by deed for one dollar. The deed is not unsupported by consideration when it recites consideration of one dollar. *Barnes v. McCandless Township Sanitary Authority*, 8 Pa.Commonwealth Ct. 457, 303 A.2d 228 (1973). Further, there is no allegation or contention by Yanssens that the Authority exceeded the scope of the right-of-way, entitling her to seek additional damages suffered as a result of the Authority's action beyond the terms of the deed. *See Finsel v. Department of Highways*, 22 Pa.Commonwealth Ct. 474, 349 A.2d 785 (1975). Therefore, this Court concludes that Yanssens' allegations contained in her petition cannot support a basis for the appointment of viewers to assess damages under Section 1–502(e) of the Code.

Yanssens argues, however, that although a landowner who has released a condemnor from any damages due to

2. In eminent domain cases, this Court's scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Hill Appeal*, 118 Pa.Commonwealth Ct. 436, 545 A.2d 463 (1988), *appeal denied*, 522 Pa. 615, 563 A.2d 500 (1989).

condemnation cannot seek damages, she should be permitted to have viewers assess the just compensation due her since the deed did not contain a release of damages provision. In support of her contention, Yanssens cites *Thomas v. Department of Transportation*, 41 Pa.Commonwealth Ct. 168, 398 A.2d 1076 (1979) and *Barnes*, wherein this Court interpreted release provisions contained in the deeds of right-of-way and easement. Both cases, however, are distinguishable and thus inapplicable to the matter *sub judice*.

In *Thomas*, condemnees filed a petition for appointment of viewers alleging that the Department of Transportation had taken their property without a declaration of taking. The Department filed preliminary objections contending that the condemnees' previous conveyance to the Department by deed of an easement to the land in question barred, as a matter of law, any further claims for damages to the affected area. Despite a provision in the deed which expressly released the Department from liability for any further claims under the Code, the condemnees alleged, in their answer to the preliminary objections, that the deed was procured by fraudulent misrepresentation by a Department employee as to whether the check received by condemnees in consideration was a final and complete payment. This Court held that the release provision in the deed was sufficiently specific to bar condemnees' recovery and remanded the matter to the trial court for findings on the issue of alleged fraudulent misrepresentations.

Unlike *Thomas*, this Court is neither requested by Yanssens to examine the release provision for its specificity, nor to consider a claim of fraudulent misrepresentation by the Authority at the time of execution of the deed. Yanssens nevertheless contends that this Court must subject the deed in question to the same strict scrutiny in order to prevent "overreaching" as the Court did in *Thomas* as to the release provision. However, Yanssens expressly conveyed a right-of-way to the Authority without reserving her right to claim damages resulting from the installation of the

sewer. Further, Yanssens' petition for appointment of viewers did not contain claims for fraud or mutual mistake, and she failed to set forth such allegations in a response to the Authority's preliminary objections.

Next, Yanssens, relying upon *Barnes,* argues that her right to seek damages should be implied, although the deed did not expressly provide for it. In *Barnes,* this Court considered the issue of whether the right of the township sanitary authority to assess benefits against the grantor of the right-of-way, granted in consideration of one dollar, was waived "by implication," where the deed expressly waived the right of the grantor to claim damages, but did not expressly waive the right of the authority to assess benefits. This Court concluded that the presence of one waiver and the absence of the other made it clear that the other was not intended. *Id.,* 8 Pa.Commonwealth Ct. at 460, 302 A.2d at 229. Applying the *Barnes* reasoning to the instant case, since the deed did not expressly provide Yanssens' right to claim damages, such right cannot exist by implication. Further, to accept Yanssens' argument would result in this Court's creation of special provisions in a deed because one has failed to anticipate the consequences of the execution of a deed. *See In re Estate of Hall,* 517 Pa. 115, 535 A.2d 47 (1987). Since the language of the deed is clear, this Court will not read into it what is not necessarily implied. *Children's Hospital of Philadelphia v. American Arbitration Ass'n,* 231 Pa.Superior Ct. 230, 331 A.2d 848 (1974).

■ Assuming *arguendo,* that Yanssens' contention is tantamount to a claim of mistake on her part as to the nature of the deed and consequences of its execution, and is properly presented for this Court's consideration, it too must fail. One seeking to set aside a written instrument on the ground of mistake must show by clear, precise and convincing evidence that there has been a mutual mistake. *Thomas; Finsel; Lowry v. Commonwealth,* 2 Pa.Commonwealth Ct. 643, 280 A.2d 685 (1971). Since there is no allegation that the Authority was also mistaken as to the

nature of the deed and the consequences of its execution, there was clearly no mutual mistake. Moreover, there is no allegation that the deed was executed by Yanssens under duress or deception by the Authority. *See Finsel.* Consequently, this Court finds that Yanssens cannot seek further damages due to her failure to reserve that right in her deed.

Finally, Yanssens relies upon the doctrine of construction of documents to argue that if a document is ambiguous and reasonably susceptible of two interpretations, it must be construed more strongly against the party who drafted it. Yanssens therefore argues that since the Authority prepared the deed, it should be construed against the Authority. *Consolidated Tile and Slate Co. v. Fox,* 410 Pa. 336, 189 A.2d 228 (1963). However, since there exists no ambiguity in the language of the deed as discussed above, this doctrine is inapplicable to the matter *sub judice. See Glasgow, Inc. v. Department of Transportation,* 78 Pa.Commonwealth Ct. 246, 467 A.2d 414 (1983) (ambiguity exists only if a document is reasonably subject to differing interpretation or its meaning is unclear due to indefiniteness).

Accordingly, the order of the trial court sustaining the Authority's preliminary objections and dismissing Yanssens' petition for appointment of a board of viewers must be affirmed.

## ORDER

AND NOW, this 10th day of May, 1991, the order of the Court of Common Pleas of Beaver County dated April 19, 1990 sustaining the preliminary objections of the Municipal Authority of the Township of Franklin and dismissing the petition of Debra Jo Yanssens for appointment of a board of viewers is hereby affirmed.