## Nolan v. Newtown Township

C.P. of Delaware County, no. 99-1020.

*Marc B. Kaplan,* for plaintiff.
*Sheryl A. Brown* and *Bruce A. Irvine,* for defendant.

BATTLE, *P.J.,* June 29, 2000—Newtown Township enacted an ordinance, number 1998-4, on November 23,

1998. The ordinance contains a section entitled "purpose." This section indicates that the township was in the process of revising its comprehensive plan, zoning ordinance, and subdivision ordinance. The "purpose" section further stated that pending the adoption of the comprehensive plan and the revised ordinances, the board of supervisors "recognizes that continuing development in the township could defeat the purpose of the ordinance revisions. Under the circumstances, the board of supervisors finds that it is in the public interest to suspend certain subdivision and land development approvals." The ordinance thereafter provided that no parcel or tract of land located within the township could be subdivided into smaller parcels for development. The ordinance further provided some exceptions to the subdivision prohibitions. Finally, the ordinance provided that the prohibition on subdivisions would automatically terminate at the expiration of a period of 18 months, unless the board of supervisors enacted a further ordinance to change the termination date.

The plaintiff, James A. Nolan III, filed a petition for the appointment of a board of view pursuant to section 502(e) of the Pennsylvania Eminent Domain Code (26 P.S. §1-502(e)). Mr. Nolan alleged in his petition that he is the owner of a 50.97-acre tract of land and a 44-acre tract of land, both located within Newtown Township. Mr. Nolan further alleged that those tracts of land are located within the township's R-1 zoning district, which permits development of single-family detached dwellings on lots which contain 60,000 square feet. Mr. Nolan also alleged in his petition that he intended to develop the subject parcels, had a sketch plan prepared, but was prohibited from proceeding with development because

of the aforesaid ordinance. Therefore, Mr. Nolan alleged that a taking had occurred.

Newtown Township filed preliminary objections to the petition for the appointment of a board of view. Essentially, the preliminary objections allege that there has been no compensable injury to Mr. Nolan.

Preliminary objections in eminent domain cases serve a broader purpose than in other cases and are appropriate vehicles to resolve legal and factual issues. See *In re Condemnation by PennDOT of Right of Way for Legislative Route 169,* 41 Pa. Commw. 168, 398 A.2d 1076 (1979); *Perfection Plastics Inc. Appeal,* 28 Pa. Commw. 396, 368 A.2d 917 (1977). An objection to the appointment of a board of viewers on the ground that the petitioner's claim is not compensable is properly raised by preliminary objection. *Legislative Route 169, supra.*

Newtown Township argues that its ordinance imposing the moratorium on development is a valid exercise of its regulatory powers. Certainly, there is no question to the contrary. Counsel for Newtown Township cites the case of *Naylor v. Township of Hellam,* 717 A.2d 629 (Pa. Commw. 1998), appeal pending. Our Commonwealth Court held that a moratorium on development was authorized under the Municipalities Planning Code and such an ordinance is a valid and reasonable exercise of a municipality's power. The question in the case at bar is not whether the ordinance is valid, but whether the ordinance constitutes a de facto taking of Mr. Nolan's properties. "A de facto taking occurs when an entity clothed and vested with power of eminent domain substantially deprives property owners of use and enjoyment of their property; the owners must establish in such a proceeding that deprivation of their property was the

direct and necessary consequence of the actions of the entity . . . ." *Elser v. PennDOT,* 651 A.2d 567, 570 (Pa. Commw. 1994). The United States Supreme Court has held that just compensation is required to be provided to the landowner even when the regulation at issue is temporary in nature. *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304 (1987). Our Pennsylvania Commonwealth Court has noted that for purposes of determining whether a de facto taking has occurred, the question is not whether the property owners have been substantially deprived of the current use of the property, but whether the property owners have been deprived of all potential uses, including the highest and best uses of the property. See *Miller and Son Paving Inc. v. Plumstead Township,* 680 A.2d 5 (Pa. Commw. 1996).

Certainly, the township ordinance has prevented Mr. Nolan from proceeding with subdivision plans for his properties. He has been deprived of the beneficial use and enjoyment of his property. Therefore, the preliminary objections must be denied. A board of view should be appointed. Of course, because Mr. Nolan's use and enjoyment of his property have been substantially affected by the ordinance at issue, does not necessarily mean that Mr. Nolan should be compensated to the same extent as if his property was 100 percent taken by the township. The use and enjoyment of his property have been affected for a period of 18 months. Therefore, the board of view must determine, based upon all of the circumstances of the case, the extent of the value of the temporary taking.

152

## ORDER

And now, to wit, June 29, A.D. 2000, it is hereby ordered and decreed that the preliminary objections filed on behalf the Newtown Township are hereby denied.

The following persons are appointed to the board of view:

(1) Joseph F. Mulcahy Jr., Esquire, Attorney
(2) Joseph N. Vastoria, Engineer
(3) Andrew L. Mozino, Real Estate Agent