Louis J. Lerro and Marion G. Lerro, h/w, et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Lower Merion Township of the Commonwealth of Pennsylvania and Borough of Narberth of the Commonwealth of Pennsylvania, Respondents.

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Clarke F. Hess,* with him *Stuart N. Cohen, Michael F. Beausang, Jr.,* and, of counsel, *Butera, Bresnan, Beausang & Moyer,* for petitioners.

*James J. Kutz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent, Commonwealth.

*Parker H. Wilson,* with him *Wilson, Oehrle & Drayer,* for respondent, Lower Merion Township.

*Morris H. Sheer,* for respondent, Borough of Narberth.

Opinion by President Judge Bowman, November 14, 1977:

Asserting that this Court enjoys original jurisdiction under Section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401, over the causes of action they plead, petitioners allege that certain highway improvements, grading and contouring undertaken by respondents, Department of Transportation (PennDOT), Lower Merion Township (Township), and the Borough of Narberth (Borough), have resulted in flooding of and damage to portions of their property. Petitioners seek injunctive relief against the further discharge of water onto their property, money damages for the "destruction" of their property and such further relief as is deemed just and equitable as against respondents jointly and severally. Although not couched in separate counts either as to legal theories or as to individual respondents, the amended petition asserts legal theories of trespass, nuisance and de facto condemnation.

Each respondent has filed preliminary objections. Those of PennDOT raise: (1) sovereign immunity as to petitioners' theory of trespass for which money damages are sought; and (2) a challenge to our jurisdiction in equity as to the injunctive relief sought, again on sovereign immunity grounds and also on the theory that to the extent this action sounds in de facto condemnation, the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq., provides a complete and exclusive remedy. *In Re: Petition of Ramsey*, 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977). PennDOT also raises technical objections to the petition for review.

The Township and Borough raise similar preliminary objections and add that this Court lacks original jurisdiction over local governments and point out that our role in such a class of cases is that of a court of appellate jurisdiction.

Because of our disposition of the preliminary objections of PennDOT, we do not reach the preliminary objections of the Township or Borough.

To the extent that petitioners assert a right to injunctive relief, this Court is without jurisdiction. Section 303 of the Code, 26 P.S. §1-303, declares that the Code is the complete and exclusive procedure for condemnation cases, de facto or otherwise. Section 502 (e) of the Code, 26 P.S. §1-502(e); *In Re: Petition of Ramsey, supra.*

In *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 228, 221 A.2d 292, 293 (1966), our Supreme Court declared that "[e]quity has been completely displaced as the forum for condemnation matters by the procedures established by the Eminent Domain Code...." The Court continued:

We are satisfied that the Eminent Domain Code fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review. Since the legislature has provided under the Code the exclusive proceedings in eminent domain cases, no remedy in equity is available to an injured property owner.

*Id.* at 230, 221 A.2d at 293-94; *Faranda Appeal,* 420 Pa. 295, 216 A.2d 769 (1966).

As equity has no jurisdiction where there exists an adequate remedy at law, *Wolf v. Tominac,* 11 Pa. Commonwealth Ct. 209, 315 A.2d 314 (1973), and as the Code is, by its own terms, the complete and exclusive remedy, we must sustain the preliminary objections of PennDOT to the extent they challenge this Court's jurisdiction in equity.

To the extent that petitioners seek money damages from PennDOT under theories of trespass and nuisance, we must sustain PennDOT's preliminary objec-

tions based upon sovereign immunity. *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973); *Koynok v. State Board of Private Academic Schools,* 12 Pa. Commonwealth Ct. 375, 316 A.2d 118 (1974).

Finally, this Court is without original jurisdiction over actions sounding in de facto condemnation. Section 401(a)(1)(ii) of the ACJA, 17 P.S. §211.401(a) (1)(ii); *Monaco v. Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 363 A.2d 857 (1976).

As we have concluded that we lack jurisdiction over PenDOT both in equity and under the Code, and as we have sustained PennDOT's preliminary objections to the causes of action sounding in trespass and nuisance, and as we have no independent basis for jurisdiction over the Township and Borough, we must transfer these proceedings to the Court of Common Pleas of Montgomery County. Section 503(b) of the ACJA, 17 P.S. §211.503(b); *Freach v. Commonwealth,* 471 Pa. 558, 370 A.2d 1163 (1977).[1]

ORDER

Now, November 14, 1977,

1. To the extent that the above petition for review seeks money damages from the Pennsylvania Department of Transportation under theories of trespass and nuisance, said petition for review is hereby dismissed.

2. To the extent that the above petition for review seeks equitable relief from the Pennsylvania Department of Transportation, said petition for review is hereby dismissed.

3. The above proceedings are hereby transferred to the Court of Common Pleas of Montgomery County

[1] Petitioners seek, in their briefs, leave to once again amend their petition for review so as to state a cause of action under Pa. Const. art. I, §27. No motion to this effect having been filed, we shall not address the point.

for proceedings not inconsistent with this opinion. The Chief Clerk shall forward to the Prothonotary of said Court the record of the above proceedings in its entirety together with a copy of this opinion and Order.