Mildred Steckley, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, DiSALLE, CRAIG and MACPHAIL. Judge BLATT did not participate.

*John J. Krafsig, Jr.,* for plaintiff.

*Barbara A. Brown,* Assistant Attorney General, with her *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for defendant.

OPINION BY JUDGE DiSALLE, October 5, 1979:

On September 8, 1978, Mildred Steckley filed a complaint in trespass against the Commonwealth of Pennsylvania, Department of Transportation (Penn-DOT) within the original jurisdiction of this Court. Thereafter, PennDOT filed preliminary objections to this complaint. Steckley then filed preliminary objections to PennDOT's preliminary objections. Having

had the benefit of oral argument, we now address those issues raised by these objections.

The complaint alleges that following PennDOT's construction of an extension of Route 81 in East Pennsboro Township, surface waters from the highway began draining onto Steckley's property. This drainage has allegedly caused substantial damage to both her home and the surrounding land. As a result of the ongoing nature of this situation, she maintains that a continuing trespass exists and requests compensation for the specific damage already caused to her property.

PennDOT, by way of its preliminary objections, initially challenges the jurisdiction of our Court over this matter. Specifically, the position is advanced that since Steckley is, in effect, seeking consequential damages for a de facto condemnation of her property, she should have pursued her action in accordance with the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq. In support of this proposition, PennDOT relies upon our opinions in *Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977) and *Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974).

We have reviewed these cases and find them to be inapposite to the case at bar. While it is correct that both cases concern either actual or potential drainage problems caused in connection with road construction, the crucial difference between those cases and the present one is that both *Lerro* and *Vance* involved equitable actions whereas the instant case is an action at law. Moreover, *Lerro* involved claims sounding in trespass and nuisance to which preliminary objections were filed and sustained on the basis of sovereign immunity. It seems clear that, absent the bar of sovereign immunity, those counts would have been

considered viable. The instant case, as noted, is an action at law. In light of the preceding discussion, it follows that where, as here, a plaintiff has suffered specific damage to his or her property as a consequence of alleged negligent actions of the Commonwealth, a complaint sounding in trespass and demanding compensation for this damage is properly stated.

The Commonwealth next raises a demurrer to Steckley's complaint. Specifically, it is contended that the Commonwealth is immune from suit by virtue of the Act of September 28, 1978 (Act 152), P.L. 788, 42 Pa. C.S. §5110 et seq. This legislation, which was a response to our Supreme Court's opinion in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), expressly provided that a waiver of sovereign immunity would operate in eight enumerated categories. These limited waivers of sovereign immunity are contained in Section 5110 of Act 152. Section 5110(a)(4) provides that:

> An action shall not be barred and the defense of sovereign immunity shall not be raised to claims for:
>
> . . . .
>
> (4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5).

Steckley's complaint was filed prior to the passage of Act 152. As a result, she did not have the benefit of the specific statutory language. Nevertheless, we believe that her complaint is sufficiently explicit, given the various allegations of damage to her property

caused by the run-off of waters from Route 81, for us to decide that her claim arguably falls within the exception. Any inconsistency between the language of her complaint and that of Act 152 can be clarified through subsequent pleadings and the discovery process. Since Steckley's cause of action arguably falls within Section 5110(a)(4), we must transfer the case to the appropriate court of common pleas.

Having concluded that PennDOT's preliminary objections are without foundation and, therefore, should be dismissed,[1] we need not rule on the preliminary objections filed by Steckley.

## ORDER

AND Now, this 5th day of October, 1979, it is ordered that the preliminary objections filed by the Commonwealth of Pennsylvania, Department of Transportation, are hereby overruled. It is further ordered that the above-captioned matter be transferred to the Court of Common Pleas of Cumberland County.

---

[1] PennDOT also raises a preliminary objection in the nature of a motion to stay all further proceeding in this case until July 1, 1979. Since this date has long since passed, the objection has become moot.

---

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I respectfully dissent. The majority recognizes that under our decision in *Lerro v. Department of Transportation*, 32 Pa. Commonwealth Ct. 372, 379 A. 2d 652 (1977), to the extent that a cause of action sounded in trespass, it was barred by the doctrine of sovereign immunity. In my view, that decision controls this case as I do not perceive Section 5110 of the Judicial Code, 42 Pa. C.S. §5110, waiving sovereign immunity and allowing causes of action in trespass for damages arising out of the dangerous condition of

Commonwealth real estate, including Commonwealth highways, to arguably include the drainage of surface water from a highway onto private property. The Eminent Domain Code should remain the exclusive remedy under the facts pleaded by plaintiff in this case.