John H. Lutzko et al., Plaintiffs *v.* Mikris, Inc. et al., Defendants.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, DISALLE, CRAIG and MACPHAIL. Judge BLATT did not participate.

No appearance for plaintiffs.

*Lee D. Mescolotto* and *James J. Kutz,* Assistant Attorney General, with them, *Robert W. Cunliffe,* Deputy Attorney General, *Edward G. Biester, Jr.,* Attorney General, for defendants.

OPINION BY JUDGE MACPHAIL, December 18, 1979:

On or about December 9, 1977, ten individual plaintiffs (plaintiffs) filed an action in trespass and assumpsit against Mikris, Inc., Mann Homes, Inc., and Robert J. Gatti (defendants).[1] The complaint in trespass alleged that defendants' negligent construction of a group of homes in a Lower Macungie Township subdivision where plaintiffs lived altered the

---

[1] Plaintiffs also filed suit against Lower Macungie Township. The Township, however, has not filed a complaint against the Commonwealth as an additional defendant and is not before us in this matter.

contour of the land and diverted natural drainage resulting in a continuous inundation and "ponding" of water on plaintiffs' land. The complaint in assumpsit alleged that defendants had breached warranties of reasonable workmanship in constructing the subdivision. Defendants filed an answer to plaintiffs' complaint and also filed a complaint joining the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) as an additional defendant. The complaint against the Commonwealth alleged that it was "alone liable" or "liable over" to the original defendants for any liability they owed to plaintiffs because the Commonwealth negligently failed to maintain proper drainage along a legislative route abutting the property and because it negligently changed the grade of the state highway without installing appropriate drainage facilities. The Commonwealth filed preliminary objections to defendants' complaint. The Court of Common Pleas of Lehigh County, upon concluding that the Commonwealth was an indispensable party to this action, transferred the case to this Court.

The matter is now before us for disposition of the Commonwealth's preliminary objections that (1) it is immune from suit pursuant to the doctrine of sovereign immunity, (2) the exclusive procedure by which the Commonwealth may be held liable for discharge of surface water is through eminent domain proceedings, not a trespass action, (3) the original defendants have alleged no facts or law upon which the Commonwealth would be liable over to them, and (4) joinder of the Commonwealth on the theory that it is "alone liable" to plaintiffs is unsupportable on the facts as alleged. We hold that the Commonwealth is subject to suit but that the case must be transferred back to the Court of Common Pleas of Lehigh County for further proceedings.

We turn first to the issue of whether defendants' exclusive remedy against the Commonwealth is through eminent domain proceedings rather than by way of a trespass action. We hold that it is not.[2]

Defendants have no standing to bring an action in eminent domain against the Commonwealth. Section 201 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess. P.L. 84, *as amended,* 26 P.S. §1-201 defines ''condemnee'' as ''the *owner* of a property interest taken, injured or destroyed, but does not include a mortgagee, judgment creditor or other lienholder.'' (Emphasis added.) *See In Re Petition of Cornell Industrial Electric, Inc.,* 19 Pa. Commonwealth Ct. 599, 601, 338 A.2d 752, 753 (1975). Defendants do not own the land alleged to have been harmed and they cannot institute eminent domain proceedings against the Commonwealth.

Defendants also are precluded from proceeding in eminent domain because there has been no condemnation of property within the meaning of that term as defined by the Code.[3] It is true that all condemnors, including the Commonwealth, are also liable for damages to property abutting an improved area resulting from a change in grade of a road or highway regardless of whether any property is taken.[4] This provision only applies, however, where the acts were done in the exercise of the right of eminent domain and where the damages resulted from the immediate, necessary, or unavoidable consequences of the eminent domain action. *Lehan v. Department of*

---

[2] Were we to hold otherwise we would lack jurisdiction over this matter. *See* Section 761(a)(1)(ii) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(ii).

[3] According to Section 201 of the Code, 26 P.S. §1-201, '' 'Condemn' means to take, injure or destroy private property by authority of law for a public purpose.''

[4] Section 612 of the Code, 26 P.S. §1-612.

*Transportation,* 22 Pa. Commonwealth Ct. 382, 385, 349 A.2d 492, 493 (1975). No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no *de facto* taking may result from negligent acts committed by the agents of the condemning body.[5] *Condemnation of E. Berkshire Street,* 20 Pa. Commonwealth Ct. 601, 605, 343 A.2d 67, 69 (1975). Because defendants may not pursue an eminent domain claim, the Commonwealth would have us leave them without remedy. We decline to do so. *Cf., Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A. 2d 791 (1977) (where our Supreme Court declined to require plaintiff to exhaust his administrative remedies before proceeding in a court of common pleas where the administrative remedies were inadequate). Instead, we find that defendants have adequately pleaded a cause of action against the Commonwealth in trespass.

In *Steckley v. Department of Transportation,* 46 Pa. Commonwealth Ct. 367, 407 A.2d 79 (1979), a case strikingly similar to the one before us, we stated that where "a plaintiff has suffered specific damage to his or her property as a consequence of alleged negligent actions of the Commonwealth, a complaint sounding in trespass and demanding compensation for this damage is properly stated." We see no reason to reach a different result here merely because the parties filing the complaint against the Commonwealth are the original defendants rather than the plaintiffs. We have previously held and we

---

[5] Since we have concluded that no condemnation occurred in this case, we find it unnecessary to address the Commonwealth's reliance on the decisions in *Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977) and *Vance v. Kassab,* 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974) both of which held that the Code provides an exclusive remedy in *condemnation* cases.

continue to hold that if the damage complained of "is not the immediate and necessary consequence of the [condemnor's] undertaking but flows, rather from some tortious act, the injured party must proceed in trespass." *City of Pittsburgh v. Gold,* 37 Pa. Comonwealth Ct. 438, 444, 390 A.2d 1373, 1376 (1978).

The Commonwealth argues that defendants are precluded from proceeding with this trespass action because the Commonwealth, as sovereign, is immune from suit. Although the doctrine of sovereign immunity is still applicable in Pennsylvania, its application is not unlimited. Section 5110 of the Judicial Code, 42 Pa. C.S. §5110, provides eight exceptional situations under which the Commonwealth may be subject to suit. The Commonwealth argues that the instant case falls within none of the exceptions. Again, however, we find our decision in *Steckley v. Department of Transportation* to be controlling and we hold that this case falls within the fourth exception to the sovereign immunity doctrine, Section 5110(a) of the Judicial Code, 42 Pa. C.S. §5110(a):

An action shall not be barred and the defense of sovereign immunity shall not be raised to claims for:

. . . .

(4) Commonwealth real estate, highways and sidewalks.—Damages caused by a dangerous condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in paragraph (5).

Two of the Commonwealth's preliminary objections remain to be decided. Having determined, however, that the Commonwealth is a proper party

to this case, we also must determine that we no longer have jurisdiction over it. Section 931 (a and c) of the Judicial Code, 42 Pa. C.S. §931(a) and (c), requires us to transfer the case back to the Court of Common Pleas of Lehigh County for disposition of the Commonwealth's remaining preliminary objections and for any further proceedings.

ORDER

AND Now, this 18th day of December, 1979, the preliminary objections concerning the issues of eminent domain and sovereign immunity filed by the Commonwealth of Pennsylvania, Department of Transportation are overruled. The above-captioned matter is hereby transferred to the Court of Common Pleas of Lehigh County for disposition of the Commonwealth's remaining preliminary objections and for further proceedings as necessary.

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:
I respectfully dissent for the reasons I expressed in my dissenting opinion in *Steckley v. Department of Transportation,* 46 Pa. Commonwealth Ct. 367, 407 A.2d 79 (1979).