John Scherbick and Elizabeth Scherbick, his wife, Plaintiffs *v.* Community College of Allegheny County, Original Defendant.

Dick Corporation and State Public School Building Authority, Additional Defendants.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*George R. Specter,* with him *Arnold D. Wilner, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for plaintiffs.

*John Edward Wall, Dickie, McCamey & Chilcote,* for defendant.

*James R. Clippinger,* Assistant Counsel, for additional defendants.

OPINION BY JUDGE MENCER, August 14, 1980:

John Scherbick and Elizabeth Scherbick (plaintiffs) filed a complaint in 1973 in the Court of Common Pleas of Allegheny County, charging that the Community College of Allegheny County (College), while engaged in construction on property adjacent to plaintiffs' property, destroyed valuable trees and shrubbery belonging to plaintiffs and altered the drainage flow in the area so as to cause unlawful discharge of drainage water onto plaintiffs' property. Dick Corporation, the contractor on the job, was joined as an additional defendant by the College.

Subsequently, it was discovered that the State Public School Building Authority (Authority) was the record owner of the fee simple in the land where the construction had taken place. The court below ordered plaintiffs to join the Authority as an additional de-

460

fendant and, because the Authority was within the definition of "Commonwealth" found in Section 102 (a)(2) of the Appellate Court Jurisdiction Act of 1970 (Act),[1] certified the matter to this Court, pursuant to Section 401 of the Act, *formerly* 17 P.S. §211.401.[2]

We determined that the Authority was not an indispensable party[3] and, on the basis of *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), ordered the suit transferred back to the Court of Common Pleas of Allegheny County. Plaintiffs appealed this decision to the Supreme Court of Pennsylvania, which determined that the Authority was an indispensable party, vacated our decree, and remanded the case to this Court.[4]

While this long and arduous journey through the courts of Pennsylvania was taking place, the doctrine of sovereign immunity was abrogated by the Supreme Court of Pennsylvania[5] and thereafter restored by the Legislature.[6] Because we believed that this case might be affected by the resulting evolution of the law, we asked the parties to submit briefs[7] addressing any jurisdictional issues which may have been raised by our decisions in *Brungard v. Hartman,* 46 Pa. Com-

[1] Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.102(a)(2), repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[1443]. A similar provision is now found in the Judicial Code, 42 Pa. C.S. §102.

[2] A similar provision is now found in the Judicial Code, 42 Pa. C.S. §761.

[3] *Scherbick v. Community College of Allegheny County,* 27 Pa. Commonwealth Ct. 580, 367 A.2d 751 (1976).

[4] *Scherbick v. Community College of Allegheny County,* 479 Pa. 216, 387 A.2d 1301 (1978).

[5] *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978).

[6] Act of September 28, 1978, P.L. 788, 42 Pa. C.S. §§761(a), (c), 762(a)(1), 931(a), (c), 5101(b), 5110, 5111, 5522(a) (Act 152).

[7] By order of October 10, 1979.

monwealth Ct. 10, 405 A.2d 1089 (1979), *Mistecka v. Commonwealth,* 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), and *Steckley v. Department of Transportation,* 46 Pa. Commonwealth Ct. 367, 407 A.2d 79 (1979). We have now considered the parties' briefs, in addition to *Gibson v. Commonwealth,* Pa. , 415 A.2d 80 (1980), the latest development in the chaotic evolution of the law of sovereign immunity, and determine that jurisdiction lies with this Court.

The jurisdiction issues before us are: (1) whether the exclusive procedure by which the Commonwealth may be held liable for unlawful discharge of drainage water onto plaintiffs' land is through eminent domain proceedings rather than an equity action and (2) whether the Authority is immune from suit pursuant to the doctrine of sovereign immunity.

The first issue arises because of our holding in *Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 375, 379 A.2d 652, 653 (1977): "To the extent that petitioners assert a right to injunctive relief, this Court is without jurisdiction. Section 303 of the [Eminent Domain] Code, 26 P.S. §1-303, declares that the Code is the complete and exclusive procedure for condemnation cases, de facto or otherwise." (Citations omitted.) Although plaintiffs here are asking for injunctive relief, *Lerro* is specifically confined to condemnation cases. Here, plaintiffs allege that the actions of the Authority have caused and continue to cause trespasses upon their property and request equitable relief on this basis.[8] They do not allege that this is a condemnation case but, to the contrary, contend that it *cannot* be a condemnation case because, under Section 791.11 of the State Public School Build-

---

[8] "[N]o citation of authority is required for the proposition that equity may restrain a continuing trespass." *St. Andrews Evangelical Lutheran Church v. Lower Providence Township,* 414 Pa. 40, 43, 198 A.2d 860, 862 (1964).

ing Authority Act,[9] the Authority allegedly had no power to condemn the plaintiffs' property. Certainly plaintiffs correctly conclude that acts not done in the exercise of the right of eminent domain cannot be the basis of a claim in that proceeding. *Condemnation of E. Berkshire Street,* 20 Pa. Commonwealth Ct. 601, 343 A.2d 67 (1975).

In *City of Pittsburgh v. Gold,* 37 Pa. Commonwealth Ct. 438, 444, 390 A.2d 1373, 1376 (1978), we said: "Of course, if the damage is not the immediate and necessary consequence of the municipal undertaking but flows, rather, from some tortious act, the injured party *must* proceed in trespass." (Citation omitted.) (Emphasis added.) *See also Stork v. Philadelphia,* 195 Pa. 101, 45 A. 678 (1900). Since the parties are alleging tortious conduct, we believe that they are properly requesting equitable relief for a continuing trespass and need not proceed in eminent domain. Thus, if sovereign immunity is not a bar, this Court has jurisdiction of the matter pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. §761.

As to the soverign immunity issue, we believe that *Gibson v. Commonwealth, supra,* is controlling. In *Gibson,* the Supreme Court held that *Mayle v. Pennsylvania Department of Highways, supra,* which abrogated the doctrine of soverign immunity and permitted tort claims against the Commonwealth, should be applied retroactively. The Supreme Court also held that Act 152, which reinstated sovereign immunity with eight limited exceptions, may not be applied retroactively. The Court thus concluded that any complaint pending in the courts at the time of the *Mayle* decision is free from the subsequently enacted bar of sovereign immunity. Since plaintiffs' action was one of those pending in the courts when *Mayle* was de-

---

[9] Act of July 5, 1947, P.L. 1217, *as amended,* 24 P.S. §791.11.

cided, we must conclude that it is neither barred by the doctrine of sovereign immunity nor limited by Act 152 and is thus properly before us.[10]

---

[10] Under Act 152, 42 Pa. C.S. §761(a)(1)(iii), actions on claims in which sovereign immunity has been waived are not within this Court's jurisdiction. However, since *Gibson* held that Act 152 is not to be applied retroactively, we must conclude that this action is against the "Commonwealth government," as defined in 42 Pa. C.S. §102, and not within any of the exceptions listed in 42 Pa. C.S. §761. Consequently, jurisdiction lies with this Court.