## Moore v. Township of Hopewell

*David L. Gropp*, for plaintiffs.
*Jeffrey L. Giltenboth*, for defendants.

WALKO, *J.*, February 2, 1984 — Joseph and Lucy Moore, plaintiffs, have brought an action against the Township of Hopewell and the Department of Transportation for equitable relief i.e. to abate, prevent and control activities that are allegedly causing storm runoff damages to plaintiffs' property. Defendant, Department of Transportation filed preliminary objections challenging the jurisdiction of the court of common pleas.

The issue to be addressed is whether the court of common pleas has jurisdiction over an action brought by a plaintiff against the Commonwealth for equitable relief.

42 Pa.C.S.A. §761 provides that the Commonwealth Court shall have exclusive original jurisdiction of all civil actions on proceedings against the Commonwealth government except actions on claims in which sovereign immunity has been waived. 42 Pa.C.S.A. §761(b) (4) provides that governmental or sovereign immunity is waived by the Commonwealth and/or its agencies as to dangerous conditions relative to its properties; however, §8528 limits that recovery to pecuniary damages.

In making the determination as to whether the Commonwealth Court or the court of common pleas

has jurisdiction, one must look to the relief sought by the plaintiff. If the plaintiff seeks pecuniary damages, the Court of Common Pleas has jurisdiction. Steckley v. Commonwealth Dept. of Transportation, 46 Pa. Commw. 367, 407 A.2d 79 (1979); Lutzka v. Mrkris, Inc., 48 Pa. Commw. 75, 410 A.2d 370 (1979); Philipelli v. Commonwealth Dept. of Transportation, 68 Pa. Commw. 619, 450 A.2d 237 (1982). Where plaintiff is seeking equitable relief, the Commonwealth Court has exclusive original jurisdiction. Borough of Jefferson v. Century III Associates, 60 Pa. Commw. 9, 430 A.2d 1041 (1981); Goldman v. Kelly, 281 Pa. Super 464, 422 A.2d 562 (1980). This distinction between equitable relief and damages is markedly demonstrated in Ezy Parks, Inc. v. Larston, 64 Pa. Commw. 164, 439 A.2d 885 (1982), where the Commonwealth Court held that insofar as the lessees sought damages against the Department of Transportation for the value of the leasehold estate and for business accouterments when the Department sought to entertain bids for leases on the premises, the Commonwealth Court was not a proper forum to pursue the remedy and that portion of the lessess complaint was dismissed; however, insofar as the relief sought was a permanent injunction of awarding bids on an offer which was alleged to have no common standard applicable to both tenant bidders and non-tenant bidders, the lessees sought relief in the appropriate forum.

Utilizing the distinction of damages and equitable relief, we see that plaintiffs in this case are seeking equitable relief, therefore under Ezy Parks, Inc., and Borough of Jefferson, the court of common pleas has no jurisdiction.

Based on all of the above, we have entered the accompanying order.

## ORDER

And now, February 2, 1984, after consideration of the arguments and briefs filed, the preliminary objection of defendant, Commonwealth of Pennsylvania, Department of Transportation, is sustained and the court orders the case transferred to the Commonwealth Court.