### Robert W. POOLE and Claude J. Poole, Appellants

v.

### TOWNSHIP OF DISTRICT.

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2003.

Decided Feb. 26, 2004.

Wendy W. McLean, Malvern, for appellants.

Scott Shuker, Blue Bell, for appellee.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Robert W. Poole and Claude J. Poole (Landowners) appeal from the December 20, 2002, order of the Court of Common Pleas of Berks County (trial court) granting summary judgment to the Township of District (Township). We reverse and remand.

On October 13, 1999, Landowners filed an amended complaint against the Township (First Amended Complaint), alleging the following facts. Landowners own approximately fifteen acres of land northwest of Long Lane Road in Berks County, Pennsylvania (Property). The Property is divided in part by a twelve-foot-wide strip of land that runs northwest from the southwest property line to a point immediately adjacent to Landowners' barn (Strip). As set forth in the Official Township Map, the public portion of the Strip terminates adjacent to Landowners' barn, .145 miles from the intersection of the Strip with Long Lane Road. The portion of the Strip beyond the point identified in the

map is the private property of Landowners. (First Amended Complaint, ¶¶ 1–7.)

Landowners allege that, on a number of occasions, Township employees and/or agents and/or contractors traveled beyond the public portion of the Strip, entered onto Landowners' Property and, using motor vehicles and other equipment, conducted grading and deposited stone onto the Property. This conduct caused damage to the Property, including the creation of an artificial channel that has caused erosion and caused stones to be transported and deposited on the Property. The Township's conduct has deprived Landowners of the use, enjoyment and value of their Property. The Township failed to use reasonable care in the operation of vehicles and equipment and negligently caused motor vehicles to enter Landowners' property. The Township's conduct constitutes a continuing trespass, and the conduct constitutes the operation of a motor vehicle in the possession and control of a local agency. (First Amended Complaint, ¶¶ 10–19.)

Through deposition testimony and other discovery, Landowners assert that the Township was negligent in performing activities on the private and public portions of the Strip, and they assert that the Township's activities have caused damage not only to the private part of the Strip but elsewhere on Landowners' Property, including a detrimental impact on the quality of the water in Landowners' well. Landowners claim that stones were not properly compacted and wash away, that the Township improperly graded the road and that the Township negligently installed a drainage ditch at a higher grade than that of the road.

The Township claims that it possesses ownership and control of the Strip beyond Landowners' barn and that the acts complained of are reasonable and appropriate maintenance activities. The Township filed a motion for summary judgment, asserting that: 1) Landowners' claim is barred by the applicable statute of limitations; 2) Landowners failed to state a claim for trespass; 3) Landowners' claim is barred absent proof of title, as the claim is in the nature of an ejectment action; and 4) Landowners' claim is barred by governmental immunity.

Relying on *Fulmer v. White Oak Borough,* 146 Pa.Cmwlth. 473, 606 A.2d 589 (1992), the trial court held that the Eminent Domain Code [1] provides a complete and exclusive remedy in this matter.[2] Accordingly, the trial court granted the Township's motion for summary judgment, noting that Landowners were not precluded from re-filing an action under the Eminent Domain Code. Landowners then filed the instant appeal.[3]

■ Landowners first argue that summary judgment is not proper because

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903.

2. In its motion for summary judgment, the Township did not raise the narrow issue of whether the Eminent Domain Code provides an exclusive remedy in this case, but the trial court correctly observed that this issue is generally included in the Township's assertion that Landowners failed to state a claim for trespass.

3. Our scope of review of a trial court order granting summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Hoke ex rel. Reidenbach v. Elizabethtown Area School District,* 833 A.2d 304 (Pa.Cmwlth. 2003). Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *MacElree v. Chester County,* 667 A.2d 1188 (Pa.Cmwlth.1995), *appeal denied,* 545 Pa. 666, 681 A.2d 180 (1996).

questions of fact remain as to whether the Township was negligent. However, the issue before us, whether Landowners may proceed in an action in trespass or must seek relief under the Eminent Domain Code, is a legal determination that can be made based upon the facts alleged. "In determining whether a particular action is an exercise of eminent domain or a trespass, we must focus upon the nature of the acts complained of." *Fulmer*, 606 A.2d at 590.

■ Generally, where a landowner suffers specific damage to his property as a result of the negligent acts of a party with the power of eminent domain, the proper action lies in trespass. *Enon Valley Telephone Co. v. Market*, 90 Pa.Cmwlth. 53, 493 A.2d 800 (1985). Numerous cases have held that, where negligence is alleged, a complaint sounding in trespass is properly stated. *See, e.g., Daw v. Department of Transportation*, 768 A.2d 1207 (Pa.Cmwlth.2001), *appeal dismissed*, 574 Pa. 657, 832 A.2d 1064 (2003); *Enon; Scherbick v. Community College of Allegheny County*, 53 Pa.Cmwlth. 458, 418 A.2d 791 (1980); *Steckley v. Department of Transportation*, 46 Pa.Cmwlth. 367, 407 A.2d 79 (1979), *aff'd*, 494 Pa. 104, 429 A.2d 1112 (1981).

In *Daw*, a landowner petitioned for appointment of a board of view, seeking consequential damages under section 612 of the Eminent Domain Code.[4] The landowner alleged that the Department of Transportation's (DOT) resurfacing of an adjacent road created water drainage problems and damage to his property. This court concluded that DOT's actions did not constitute a change in the grade of the road as required under section 612, and we held

that the landowner's remedy was limited to damages in trespass.

In *Enon*, the landowners filed a petition for a board of viewers, alleging that Enon, a corporation with the power of eminent domain, entered upon their property to install an underground cable, later abandoned that cable and then installed a telephone line and poles on landowners' property, beyond the road right-of-way. Enon filed preliminary objections, contending that the landowners' cause of action was in trespass rather than eminent domain. Enon asserted that there was no condemnation, but, rather, the use of an easement that Enon mistakenly thought it had acquired. The trial court granted the landowners' petition. The board of viewers awarded damages, and the trial court determined that Enon had committed a *de facto* taking of the landowners' property. Enon then appealed to this court, again arguing that its actions amounted only to a trespass. We agreed. We concluded in *Enon* that no condemnation had occurred, because the injury to the landowners' property was not the unavoidable result of the exercise of Enon's eminent domain power but, instead, was the result of Enon's negligence. We held that where a landowner has suffered specific damages to his property "as a consequence of the alleged negligent actions of the condemning body, the proper action lies in trespass." *Id.* at 802.

Conversely, in *Steckley*, the plaintiff filed an action in trespass, and DOT asserted in preliminary objections that the plaintiff should have pursued her action under the Eminent Domain Code. The plaintiff's complaint alleged that, following DOT's construction of a highway exten-

---

4. 26 P.S. § 1–612. This provision states that all condemnors shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

sion, surface waters from the highway began draining onto the plaintiff's property, causing damage to the plaintiff's home and land. Citing the ongoing nature of the situation, the plaintiff alleged that a continuing trespass existed. DOT argued that the plaintiff was, in effect, seeking consequential damages for a de facto taking of her property and that her cause of action was properly brought in eminent domain. The court in *Steckley* rejected DOT's argument, holding that where a plaintiff has suffered damage to her property as a consequence of alleged negligent actions of the Commonwealth, a complaint sounding in trespass is properly stated.[5]

Our court reached a different result in *Fulmer*. In that case, the plaintiffs filed a complaint in trespass alleging that the borough, in the course of grading a road, exceeded its right of way and negligently cut into a steep hillside on the plaintiffs' properties, creating an embankment. The plaintiffs alleged that this conduct caused destruction of trees and shrubs and increased the potential for erosion and mudslides on their property. The borough maintained that it acted within its authority to keep the road safe by removing dirt and debris from the plaintiffs' property; the borough also maintained that the plaintiffs' cause of action could only be pursued under the Eminent Domain Code.

In *Fulmer*, this court concluded that the matter was distinguishable from *Enon* and other cases, because the facts, when viewed in the light most favorable to the plaintiffs, reflected that the borough actually entered *and appropriated* the plaintiffs' property. The court construed the

plaintiffs' allegations as suggesting that the borough was occupying and using the land and *in fact intended to take the land*. Therefore, the court in *Fulmer* concluded that the plaintiffs' allegations were more consistent with a theory that the borough's actions were an exercise of eminent domain, rather than negligence. In addition, the court observed that the plaintiffs alleged no facts in support of their claim that the borough had acted negligently.

Landowners argue that the trial court erred in concluding that the present case is "indistinguishable on its facts" from *Fulmer*. (Trial court op. at 6.) We agree.

In contrast to *Fulmer*, Landowners here allege facts in support of their claim that the Township was negligent in numerous respects. In addition, unlike the plaintiffs in *Fulmer*, Landowners do not allege a degree of damage that could be construed as rising to the level of a de facto taking. Moreover, the facts of this case do not indicate that the Township *intended* to take Landowners' property, whether or not it includes the disputed portion of the Strip. Therefore, we agree with Landowners that *Fulmer* is significantly distinguishable from the present matter and that the trial court erred in concluding that our decision in *Fulmer* requires the grant of summary judgment in this case.

Based on the foregoing discussion, we reverse the order of the trial court granting the Township's motion for summary judgment, and we remand this matter for further proceedings.

Judge SIMPSON concurs in the result only.

---

5. *Compare Wagner v. Borough of Rainsburg,* 714 A.2d 1164 (Pa.Cmwlth.1998) (holding that, where plaintiffs filed an action in trespass but alleged that the complained of acts amounted to a taking of their property without just compensation, plaintiffs' exclusive remedy was an action under the Eminent Domain Code), and *City of Pittsburgh v. Gold,* 37 Pa.Cmwlth. 438, 390 A.2d 1373 (1978) (holding that eminent domain proceedings were appropriate where damages were the immediate and direct consequences of *non-negligent* construction).

## ORDER

AND NOW, this 26th day of February, 2004, the order of the Court of Common Pleas of Berks County, dated December 20, 2002, is hereby reversed, and the case is remanded for further proceedings.

Jurisdiction relinquished.