# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the : 
Commonwealth of Pennsylvania, : 
Department of Transportation, of : 
Right-of-Way for State Route 1032, : 
Section B02, in the Borough of : 
Rochester: : 
     : 
Cronimet Corporation : No. 1358 C.D. 2015
     : Argued: April 12, 2016
           v. : 
     : 
Commonwealth of Pennsylvania, : 
Department of Transportation : 
     : 
Appeal of: Cronimet Corporation : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION**
**BY JUDGE SIMPSON**            **FILED: May 5, 2016**


Cronimet Corporation (Landowner) petitioned to reopen an eminent domain case in which the Pennsylvania Department of Transportation (DOT) obtained a temporary construction easement over its property pursuant to the Eminent Domain Code (Code), 26 Pa. C.S. §§101-1106. Previously, Landowner and DOT settled the case. However, after receiving just compensation and discontinuing the action, Landowner sought to recover additional damages under the Code for destruction of property that occurred while DOT occupied the easement. Landowner argued DOT owed a duty to restore the property to its pre-taking condition. The Court of Common Pleas of Beaver County (trial court) determined the damages sounded in trespass, not eminent domain; thus, it denied the petition

to reopen. Landowner appealed, asserting the damages stem from the taking. Upon review, we affirm.

## I. Background

This matter arose from a declaration of taking for Landowner's property located at 421 Railroad Street, Rochester, Pennsylvania 15074 (Property). Landowner used the Property as a weigh station for 18-wheel tractor-trailer trucks that hauled scrap metal to another property it owned nearby, and for two office buildings. Under the declaration, DOT acquired 1,963 square feet of right of way, 4,494 square feet for an aerial easement and 13,517 square feet for a temporary construction easement (Easement). DOT obtained the Property for the purpose of widening a highway access ramp leading from New York Avenue to Harrison Street, situated above and adjacent to the Property.

In order to ascertain compensation for the taking, Landowner requested in May 2011 an appointment of a Board of Viewers (Board) from the trial court. The trial court granted the petition and appointed a Board that viewed the Property and held a hearing.

The Board filed a report awarding Landowner $175,000.00 in general damages, $4,000.00 corresponding to appraisal, attorney and engineering fees permitted under Section 710 of the Code, 26 Pa. C.S. §710, and gave DOT credit for an estimate of just compensation payment of $5,100.00 (Report). The Report also awarded delay damages from October 25, 2011 until the date of payment.

2

In May 2012, Landowner filed an appeal from the Report with the trial court and demanded a jury trial (2011 Case). Landowner alleged the compensation was inadequate because the loss of the Easement area limited its ability to accommodate 18-wheel trucks, which accommodation was essential to its business.

The only matter before the trial court was the determination of the fair market value of the Property interest before condemnation, after condemnation, and the amount of resulting damages. The trial court scheduled the trial for January 2014. However, the parties reached a settlement as to damages, and Landowner filed a praecipe to discontinue the case in September 2013.

Relevant here, the parties entered a stipulation in January 2014 that stated:

> the within condemnation proceedings are hereby settled and satisfied in the net amount of One Hundred and Seventy Five Thousand Dollars ($175,000.00), which sum is accepted by [Landowner] in full settlement of all damages payable under Chapter 7 of the [Code] [(relating to just compensation and other damages)], and in full settlement of any special damages for displacement under Chapter 9 of the [Code].

Reproduced Record (R.R.) at 75a (Stipulation). In February 2014, Landowner received the balance due for damages.

DOT entered into a contract with Mosites Construction Company (Contractor) to perform improvements to the highway ramp. Contractor vacated the Property and the area of the Easement on or about August 29, 2014.

In May 2015, Landowner filed a petition to reopen the 2011 Case. Landowner alleged it discovered damage to the Property only after Contractor vacated it. Landowner alleged the following damages related to the improvements: (1) damage to both sides of cement wall on south side of Property; (2) removal of parking curb at west end of cement wall; (3) removal of fencing from southeast end and along west end of Property; (4) damage to areas of asphalt where Contractor cranes were positioned; (5) removal of gate and fencing at Property entrance; (6) failure to extend new wall connecting existing wall at northwest corner of Property; and, (7) damage to exterior of Landowner's building located east of Property entrance. There is no dispute that the area where the damage occurred was located within the Easement. Landowner asserted these damages substantially deprived it of the use of the Property. Landowner also claimed DOT owed a duty of restoration of the Property to its pre-taking condition.

The trial court heard argument on the petition to reopen. Landowner argued DOT had a duty to restore the Property under its Right-of-Way manual. Landowner admitted the Code did not impose a duty on DOT to restore condemned property to its pre-taking condition. See Certified Record (C.R.), Item No. 21 (transcript of oral argument) at 11. Landowner also acknowledged the Code did not provide a mechanism for reopening an eminent domain case once just

4

compensation is paid.  Id.  *Landowner filed a separate lawsuit in trespass against DOT and Contractor out of an abundance of caution.*  Id. at 13.

After argument, the trial court denied the petition, determining the claim involved negligent conduct and damages of a temporary rather than permanent nature.  In its four-page order, the trial court reasoned Landowner's claim sounded in trespass.  As a result, the Code offered no remedy.

Landowner appealed.  The trial court declined to issue an opinion pursuant to Pa. R.A.P. 1925(a); instead, the trial court stated its earlier order shall serve as its opinion.

Both parties briefed the issue.[1]  After hearing argument, the matter is ready for disposition.

## II. Discussion

On appeal to this Court,[2] Landowner asserts the trial court erred in determining the damages were recoverable only in trespass.  Landowner urges this

---

[1] Landowner filed an application to strike DOT's brief two weeks before oral argument. We note Landowner did not file a reply brief.  Landowner seeks to strike DOT's brief because it allegedly includes facts that are not of record.  This Court is bound by the facts certified in the record on appeal.  Cambria Cnty. Mental Health/Mental Retardation v. Pa. State Civil Serv. Comm'n (Cotton), 756 A.2d 103 (Pa. Cmwlth. 2000).  Further, we shall not rely on any factual averments in DOT's brief that do not appear of record.  Millili v. Dep't of Transp., Bureau of Driver Licensing, 745 A.2d 111 (Pa. Cmwlth. 2000); Chapin v. Dep't of Pub. Welfare (Pa. Cmwlth., No. 2193 C.D. 2009, filed July 28, 2010), 2010 WL 9515742 (unreported).  From our review, DOT's allegations appear in the transcript of the argument in the certified record. Accordingly, we deny Landowner's application.

Court to follow federal case law that permits recovery of subsequent damages through eminent domain proceedings.

DOT responds that the trial court properly determined that damages, to the extent any are recoverable, may only be sought through a separate tort claim. DOT argues that when the intrusion on property is a result of an independent contractor's actions, the landowner must prove the damages were authorized or directed by DOT. In addition, DOT emphasizes Landowner settled the eminent domain claims for an agreed upon sum, which it paid. As a result, Landowner relinquished any claims for subsequent damages under the Code. DOT contends Landowner assumed the risk of additional damage by settling the matter *before* Contractor vacated the Property.

In order for a landowner to seek damages under the Code, the damages must be the result of the actions of an entity clothed with the power of eminent domain. In re Condemnation by Com. Dep't of Transp. of Certain Property in Borough of Bellevue, 827 A.2d 544 (Pa. Cmwlth. 2003). The Code provides an exclusive procedure to govern condemnations of property for public purpose and the assessment of damages. 26 Pa. C.S. §102.

---

**(continued…)**

[2] "In eminent domain cases, this Court reviews whether the trial court committed an abuse of discretion or an error of law. When an appeal presents a question of law … our scope of review is plenary." In re PPL Elec. Utils. Corp. of Real Estate Situate in Schuylkill Cnty., 68 A.3d 15, 18 n.5 (Pa. Cmwlth. 2013) (citation omitted).

Generally, where a landowner suffers specific damage to his property as a result of the negligent acts of a party with the power of eminent domain, the proper action lies in trespass. Poole v. Twp. of Dist., 843 A.2d 422 (Pa. Cmwlth. 2004); Enon Valley Tele. Co. v. Market, 493 A.2d 800 (Pa. Cmwlth. 1985). However, where the damages amount to a *de facto* taking that deprives a landowner of the use or access to his property, a landowner's exclusive remedy lies in eminent domain. Fulmer v. White Oaks Borough, 606 A.2d 589 (Pa. Cmwlth. 1992).

The issue before this Court is a purely legal one as to the proper procedure for obtaining a remedy. We consider whether the damages Landowner seeks are recoverable under the Code, or in an action lying in tort.

### A. Eminent Domain or Tort Action

"In determining whether a particular action is an exercise of eminent domain or trespass, we must focus upon the nature of the acts complained of." Poole, 843 A.2d at 424 (quoting Fulmer, 606 A.2d at 590). We also consider the nature of the damages, and whether they constitute a *de facto* taking or are reparable. Fulmer. "[I]f the damage … flows … from some tortious act, the injured party must proceed in trespass." City of Pittsburgh v. Gold, 390 A.2d 1373, 1376 (Pa. Cmwlth. 1978).

Numerous cases hold that, where negligence is alleged, a complaint in trespass is proper. See, e.g., Daw v. Dep't of Transp., 768 A.2d 1207 (Pa. Cmwlth. 2001), appeal dismissed, 832 A.2d 1064 (Pa. 2003); Enon; Scherbick v. Cmty.

7

Coll. of Allegheny Cnty., 418 A.2d 791 (Pa. Cmwlth. 1980); Steckley v. Dep't of Transp., 407 A.2d 79 (Pa. Cmwlth. 1979), aff'd, 429 A.2d 1112 (Pa. 1981). Further, when damages are caused by an independent contractor, this Court holds a landowner's remedy is an action in tort against the contractor. Deets v. Mountaintop Area Jt. Sanitary Auth., 479 A.2d 49 (Pa. Cmwlth. 1984).

### 1. Nature of the Acts

This Court consistently holds that where a landowner suffers specific damage to his property as a result of negligent or tortious acts, the proper action lies in trespass. Poole; Wagner v. Borough of Rainsburg, 714 A.2d 1164 (Pa. Cmwlth. 1998); Fulmer; Gold. Specifically, "acts not performed in the exercise of eminent domain and that are not the immediate, necessary or unavoidable consequence of that exercise cannot create a cause of action in eminent domain." Wagner, 714 A.2d at 1166. By contrast, acts that deprive an owner of use of property constitute a *de facto* taking in the nature of eminent domain. Wagner (contractor placement of shale on driveway deprived owner of use); Elser v. Dep't of Transp., 651 A.2d 567 (Pa. Cmwlth. 1994) (deliberate occupation of driveway is act in eminent domain).

We addressed the distinctions between eminent domain and trespass proceedings in Poole. There, the landowners sued the township in trespass, asserting the township employees or contractors entered their property, and by failing to use reasonable care in operating its vehicles and equipment, caused erosion and stones to be deposited on the property. The trial court granted summary judgment to the township, holding landowners' sole remedy was in eminent domain. We disagreed.

8

In holding that the landowners stated a proper claim in trespass, the Poole Court examined the act complained of and the resulting damages. We emphasized the type of act that reflects eminent domain is an entity's "ent[ry] *and appropriat[ion]*" of the petitioner's property. Id. at 425 (emphasis in original). We explained when the damages are not covered by a provision of the former code, see n.3 *infra*, a landowner may proceed in trespass. Id. (discussing Fulmer; Enon; Steckley). We also noted that case law supports recovery in trespass when a landowner attributes damages to negligent as opposed to intentional acts.

The Poole Court applied the factors discussed in Fulmer in determining whether the remedy for damages lies in trespass or eminent domain. In Fulmer, the landowner filed a trespass and negligence action against the borough for exceeding its right-of-way and destroying shrubs and trees on its property. The trial court granted summary judgment in the borough's favor, holding eminent domain offered the sole remedy. We affirmed, holding that the act complained of sounded in eminent domain. In so doing, this Court distilled factors from prior decisions that allowed a landowner to proceed in trespass.

One such factor was whether the act was intentional or accidental. Fulmer. We reasoned the occupation of property showed a condemnor's intention to take or appropriate the property. When the act complained of was deliberate and intended, even if the consequence was not intended, the act is in the nature of eminent domain. Id. However, destruction that is the result of mistake is not compensable under the Code. See German v. City of Phila., 683 A.2d 323 (Pa. Cmwlth. 1996).

9

We also considered the role of the entity responsible for the damages. When the destruction was caused by an entity other than that clothed with eminent domain power, like a contractor or neighbor, we were more likely to hold the damage did not result from the exercise of eminent domain. Id.; see, e.g., Deets (damage caused by contractor in installing sewer outside of right-of-way lies in trespass, not eminent domain).

Applying these factors to the allegations here, the acts are not in the nature of eminent domain. First, the nature of the act alleged here is not the occupation of property or impairment of access so as to constitute a *de facto* taking. Cf. Elser. Here, the acts complained of involve incidental damage to the Property, including fences, a gate, curbing, and exterior damage to a building. Second, the acts complained of do not reflect intention. Fulmer. Third, to the extent Landowner alleges causation, the entity that performed the complained of acts is a third party not clothed with eminent domain power. Deets. Lastly, Landowner does not support its argument by analyzing applicable legal authority to show the acts sound in eminent domain.

Because the nature of the act is unintended damage allegedly caused by an entity that may not be clothed with the power of eminent domain, we agree with the trial court's determination that the acts do not sound in eminent domain.

### 2. Type of Damages

In determining whether damages are compensable in eminent domain or trespass, this Court also considers the degree of damages. For instance, we

consider whether the damage rises to the level of a *de facto* taking of property. Poole; Fulmer. We also assess whether the damage is of a permanent nature and whether the damage could have been prevented by due care. Fulmer; Dep't of Transp. v. Castillo, 321 A.2d 394 (Pa. Cmwlth. 1974).

Damages recoverable in an eminent domain proceeding are set forth in Chapter 7 of the Code. Section 702(a) of the Code describes "just compensation" as: "the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected by the condemnation and the fair market value of the property interest remaining immediately after the condemnation and as affected by the condemnation." 26 Pa. C.S. §702(a).

The Code also provides for "consequential damages" in Section 714. Construing identical language under the former code provision relating to consequential damages,[3] this Court held recovery of such damages is permitted "as a result of only three causes: (1) change of grade of a road or highway; (2) permanent interference with access to a road or highway; and[,] (3) injury to surface support." Daw v. Dep't of Transp., 768 A.2d at 1210.

The damages Landowner describes are not compensable under either Section 702 or Section 714. Indeed, Landowner does not cite any provisions of the Code to support recovery of this type of damages in an eminent domain

---

[3] Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. §1-612, repealed by Section 5 of the Act of May 4, 2006, P.L. 112.

11

proceeding. In fact, Landowner contends the damages it seeks fall outside the definition of just compensation, and so are not included in the Stipulation. Nonetheless, Landowner claims the damages are recoverable in eminent domain as an "immediate and necessary consequence" of the taking. Gold, 390 A.2d at 1376.

By its terms, the damages must be of the sort that cannot be avoided by the exercise of due care. Construction projects do not, by necessity, lead to damaged fences, gates, curbing and walls. That such damage may be a consequence of construction does not mean the damages were necessary and unavoidable to permit their recovery under the Code. Enon.

Here, the damages Landowner describes do not constitute another taking beyond the Easement or cause substantial deprivation of the use of the Property. Thus, the damages are not permanent. Rather, the damages here are reparable and may be itemized as specific damages. Poole (specific damages to property as a consequence of alleged negligence are recoverable in trespass).

Significantly, Landowner refers to these damages as restoration damages. Appellant's Am. Br. at 20-21. Yet, the Code does not impose a duty of restoration on DOT. Nevertheless, Landowner claims DOT has a duty to return the Property to its pre-taking condition. The only authority Landowner cites in this regard is DOT's self-imposed Right-of-Way manual[4] and an unreported federal district court case applying federal takings law.

---

[4] It is not clear that the trial court considered this manual as it is not part of the certified record.

Landowner's reliance on <u>Tennessee Gas Pipeline v. Permanent Easement for 1.7320 Acres</u>, Civ. Action No. 3:CV-11-028 (M.D. Pa. 2014), 2014 WL 690700 (unreported), to support recovery under the Code is misplaced.  As in this case, the state of Tennessee condemned property for a temporary construction easement.  However, that is where the similarities end.

<u>Tennessee Pipeline</u> involved a taking under the Natural Gas Act, 15 U.S.C. §§717-717z.  There, the taking destroyed a number of full-grown trees. The district court explained the destruction of trees was "tantamount to a taking for which [the landowner] is entitled to compensation." <u>Id.</u> at *12, slip op. at 21.  The district court reasoned the just compensation award should include damages corresponding to the cost of restoring the temporary easement to its pre-taking condition.  As a result, the court held the landowner was entitled to compensation for the destruction and damage to the trees on its property.

<u>Tennessee Gas Pipeline</u> is distinguishable from the case before us. First, procedurally, the district court was in the process of awarding just compensation for the taking.  Here, the parties agreed to the amount of just compensation and discontinued the case based on that agreement.  Thus, the trial court in this case did not determine damages, which is a factual question; rather, it only determined the legal question of whether such damages were recoverable under the Code.  Second, the district court applied different legal standards. Although it had the option to apply state or federal takings law, the district court specifically rejected the application of Pennsylvania eminent domain law to determine compensation.  In addition, the district court found the action for which

13

the landowner sought damages was "tantamount" to a taking, id. at \*12, slip op. at 21, as the loss of trees devalued the property.  Here, the damages Landowner seeks are in the nature of the cost of repairs to fences, gates, curbing and the like.

Landowner does not allege the type of damages compensable under the Code, and, based on our case law, the damages are not permanent or unavoidable.  Accordingly, we uphold the trial court's determination that the Code does not provide a means for their recovery.[5]

## B. Discontinuance

In addition, DOT argues recovery under the Code is barred by the Stipulation.  Although we need not reach this issue based on our disposition in DOT's favor, we address it for the sake of completeness.

At the outset, we note the Code provides no mechanism to reopen a settled and discontinued case.  Thus, the jurisdiction of the trial court to act on a petition to reopen in these circumstances is unclear.

Additionally, we discern no grounds to vacate a settlement and rescind a praecipe to discontinue when there is no indication that release was induced by fraud, mistake or imposition.  See Rothman v. Fillette, 469 A.2d 543 (Pa. 1983) (dismissing petition to strike order to discontinue action because principal bears risk of agent's actions; agent's settlement not voided by principal's

---

[5] We do not opine on the merit of Landowner's trespass action.  Further, we decline to address DOT's assertion that, to the extent damages are recoverable, Contractor is responsible.

alleged ignorance); <u>Murdoch v. Murdoch</u>, 210 A.2d 490 (Pa. 1965) (rejecting petition to set aside discontinuance based on alleged nondisclosure of information); <u>Hopewell v. Hendrie</u>, 562 A.2d 899 (Pa. Super. 1989) (discontinuance may be stricken when mistakenly filed without party's knowledge). Further, a party seeking to set aside a settled and discontinued action bears the burden of proving inducement by clear and convincing evidence. <u>Murdoch</u>.

Here, Landowner received the agreed upon compensation. Landowner does not allege mistake, or fraudulent inducement or lack of authority to enter the Stipulation. Therefore, Landowner states no legal basis for reopening the discontinued eminent domain action.

### III. Conclusion

For the foregoing reasons, we affirm the trial court's order.

_____
ROBERT SIMPSON, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the      :
Commonwealth of Pennsylvania,      :
Department of Transportation, of      :
Right-of-Way for State Route 1032,      :
Section B02, in the Borough of      :
Rochester:      :
     :
Cronimet Corporation      :    No. 1358 C.D. 2015
     :
v.      :
     :
Commonwealth of Pennsylvania,      :
Department of Transportation      :
     :
Appeal of: Cronimet Corporation      :

# O R D E R

**AND NOW**, this 5th day of May, 2016, the order of the Court of Common Pleas of Beaver County is hereby **AFFIRMED**.

Cronimet Corporation's Application for Relief to Strike Contents of Brief of Appellee, the Commonwealth of Pennsylvania, Department of Transportation, is **DENIED**.

_____
ROBERT SIMPSON, Judge