**James ELSER and Caroline Elser**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1994.
Decided Dec. 2, 1994.

568 ■

Carl Vaccaro, Asst. Counsel In–Charge, for appellant.

Denis M. Dunn, for appellees.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and NEWMAN, JJ.

SMITH, Judge.

This matter comes before the Court upon an application of James and Caroline Elser to reargue the issues in this case due to errors committed in this Court's June 2, 1994 decision which reversed the May 24, 1993 order of the Court of Common Pleas of Delaware County overruling preliminary objections filed by the Department of Transportation to the Elsers' petition to appoint a board of view. The Elsers sought an assessment of damages pursuant to Section 502(e) of the Eminent Domain Code, Act of June 27, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–502(e), for the de facto taking of a portion of their property.[1] Upon reargument of this matter and further consideration of the issues raised, this Court now affirms the May 24, 1993 order of the Court of Common Pleas.[2]

---

1. Section 502(e) provides as follows: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury." The June 2, 1994 opinion and order of this Court was withdrawn by order dated August 2, 1994, 165 Pa.Cmwlth. 712, 644 A.2d 824.

2. The Court wishes to bring to the attention of the practicing bar that during the past year only 2% of the applications for reargument and/or reconsideration filed with the Court have been granted. Counsel should be aware of this statistic when considering whether to apply for rear-

In 1988, the Department undertook the installation of traffic signals at the intersection of Concord Road, Convent Road, and Aston Mills Road in Aston, Pennsylvania. The Elsers own property located on Convent Road in Aston where they reside. The driveway to their property exits onto Convent Road which is owned by Aston Township, and the driveway is not within the Department's right-of-way for state highways Concord Road and Aston Mills Road, approximately fifteen feet from the property. The trial court found that Mr. Elser was informed by the Department in December 1988 that it planned to curb the driveway shut and to bill Mr. Elser for the cost and that after construction, the Elsers would be unable to use their driveway to enter the intersection. On December 27, 1988, the Department contacted the Elsers' home to advise that Department trucks were on the way to dump stone in the driveway and to close it, and later that day two truckloads of stone were dumped in the driveway blocking access to the property. The Department's action occurred precisely one day after the Elsers, through legal counsel, obtained a stop work order against Aston Township because some of the wires for traffic signals being installed by the Department were placed outside of its right-of-way.

The Elsers filed their petition for the appointment of a board of view to assess damages to their property after this Court's denial of injunctive relief to the Elsers. (*See Elser v. Aston Township, et al.*, No. 3036 C.D.1988, Memorandum Op. filed May 5, 1989.) The Department filed preliminary objections to the petition under Section 504 of the Eminent Domain Code, 26 P.S. § 1–504, and alleged that the dumping of stone on the property did not represent a taking nor did it block assess to the property. After considering a transcript of the preliminary injunction hearing before this Court on February 13, 1989 and testimony from the parties elicited at hearing on March 1, 1993, the trial judge concluded that the Department appropriated an area of the Elsers' property where stone was dumped, constituting a substantial interference with permanent access to the property which is compensable under the Eminent Domain Code.[3] As a consequence, the trial court once again overruled the Department's preliminary objections.

The Department thereafter appealed to this Court which reversed the trial court. In its June 2, 1994 opinion and order, the Court concluded that the Elsers failed to demonstrate that the Department authorized the dumping of two truckloads of stone onto the property, an issue not argued by the Department, and that while a trespass may have begun at the time of dumping, no de facto taking in fact had occurred, citing *Deets v. Mountaintop Area Joint Sanitary Auth.*, 84 Pa.Commonwealth 300, 479 A.2d 49 (1984). The Court also stated that the presence of the stone did not represent a direct and necessary consequence of government activity required for a taking, and the Elsers failed to meet their burden to show an exceptional circumstance which substantially deprived them of the use of their property and that the deprivation was a direct and necessary consequence of the actions of an entity clothed with the power of eminent domain.

■ Upon further consideration of the issues reargued in this case, the Court is now convinced that the trial court properly concluded that a de facto taking occurred when the Department appropriated an area of the Elsers' property where the stone was

---

gument or reconsideration before the Court. Counsel should also be aware of the Court's Internal Operating Procedures which require the circulation of draft opinions to all judges of the Court and which require the response of all active judges. 210 Pa.Code §§ 67.25–67.29. Counsel for appellees have complied with the requirement of Pa.R.A.P. 2543 (Considerations governing allowance of reargument) in this matter.

3. The trial court hearing was conducted pursuant to the January 7, 1993 remand order of this Court which decided that insufficient evidence existed in the record for the court to determine whether the Department substantially interfered with permanent access to the Elsers' property. *See Department of Transportation v. Elser (Elser I)*, 152 Pa Commonwealth Ct. 523, 620 A.2d 67 (1993). The trial court originally overruled the Department's preliminary objections by order dated January 15, 1991 after concluding that testimony taken before this Court in the preliminary injunction proceedings demonstrated that placement of the stone was a substantial interference with permanent access to the property.

dumped.[4] The trial court found that on December 27, 1988, the Department contacted the Elsers' home to advise that trucks were on the way to dump stone in the Elsers' paved driveway and to close it, blocking the only access to the property; the stone was dumped without notice or hearing other than a phone call to the household; the Department made no offer to replace the driveway or move it to another location; no alternative route existed for ingress or egress to the property until the stone was dumped and the route created by necessity; and the Department substantially interfered with the permanent access to the property. After the stones were dumped in the driveway, the Elsers were forced to drive across their yard of dirt and grass for access.

■ A de facto taking occurs when an entity clothed and vested with power of eminent domain substantially deprives property owners of use and enjoyment of their property; the owners must establish in such a proceeding that deprivation of their property was the direct and necessary consequence of the actions of the entity, here, the Department of Transportation. *Yanssens v. Municipal Auth. of Township of Franklin, Beaver County*, 139 Pa.Commonwealth Ct. 624, 591 A.2d 335 (1991); *McGaffic v. Redevelopment Auth. of New Castle*, 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *appeals denied*, 523 Pa. 644, 645, 565 A.2d 1168, 1169 (1989). *See also Capece v. City of Philadelphia*, 123 Pa.Commonwealth Ct. 86, 552 A.2d 1147 (1989).

■ The right of access to one's property has been defined as the right to reasonable ingress and egress to the property. *De-*

*partment of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989). Reasonable access to one's property is a question of fact to be determined by the trial court. *City of Philadelphia v. Martorano*, 38 Pa.Commonwealth Ct. 573, 394 A.2d 674 (1978). Moreover, a landowner may seek damages to his or her property in either trespass or eminent domain. *Pittsburgh National Bank v. Equitable Gas Co.*, 421 Pa. 468, 220 A.2d 12, *cert. denied*, 385 U.S. 988, 87 S.Ct. 600, 17 L.Ed.2d 449 (1966). A landowner is restricted to a trespass action only where the deprivation of use and enjoyment of property results from the negligent acts of another party acting without the authority or direction of the entity clothed with the power of eminent domain. *Deets.*

■ There is no dispute that the Department authorized the dumping of stone onto the Elsers' property and that the Department is an entity clothed with the power of eminent domain. Hence, the Elsers are not restricted solely to an action in trespass under the *Deets* rationale. Moreover, the record contains substantial evidence to prove that the presence of two truckloads of stones dumped on the Elsers' property is a direct consequence of government activity. The trial court appropriately considered this evidence in reaching its decision to overrule the Department's preliminary objections, relying in part on this Court's holding in *Richards*. In exploring the legislative intent and history behind Section 612 of the Eminent Domain Code, 26 P.S. § 1–612,[5] this Court determined in *Richards* that Section 612 requires proof of a "substantial" interference with access to one's property to permit recovery of damages against the Commonwealth in an

---

**4.** This Court's scope of review of the trial court's dismissal of the Department's preliminary objections is limited to whether the court's findings are supported by competent evidence in the record, whether the court abused its discretion, or whether it committed an error of law. *Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989). While earlier decisions of this Court set forth the scope of review in a more restrictive fashion, *Yanssens v. Municipal Auth. of Township of Franklin, Beaver County*, 139 Pa.Commonwealth Ct. 624, 591 A.2d 335 (1991), *McGaffic v. Redevelopment Auth. of New Castle*, 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *appeals denied*, 523 Pa.

644, 645, 565 A.2d 1168, 1169 (1989), the precise scope is that stated here and which shall be applied in all future appeals from trial court decisions dismissing preliminary objections to a petition for the appointment of a board of view.

**5.** Section 612 of the Eminent Domain Code states: "All condemnors, including the Commonwealth, shall be liable for damages to a property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken."

eminent domain proceeding. The landowner in *Richards* alleged a loss of ingress to his driveway from Legislative Route 131 from the east because anyone driving onto the property from that direction could not enter without scraping the bottom of one's vehicle due to a trough formed where the downward slope of the new road shoulder meets the foot of Richards' inclining driveway. Concluding that road work performed by the Department did not preclude the landowner from complete ingress and egress to his property, this Court nonetheless held that the road work constituted substantial and permanent impairment to the landowner's private property.

Here, there is competent evidence in the record to support the trial court's findings that the Elsers did not have reasonable alternative access to their property and that the Department substantially impaired the Elsers' access, entitling them to damages for a de facto taking. Because the trial court's findings are supported by substantial evidence in the record and no error of law was committed in overruling the Department's preliminary objections, the trial court's decision should stand. *Redevelopment Auth. of Oil City v. Woodring*, 498 Pa. 180, 445 A.2d 724 (1982). The trial judge had the benefit of hearing testimony by the parties to this case, reviewing a transcript of this Court's preliminary injunction proceeding received by the trial court as evidence in the hearing, and reviewing this Court's decision in *Elser I.* The trial court, as factfinder, has not wavered in its determination that the Department's preliminary objections should be overruled, and this Court now agrees that the Elsers have sustained compensable injury to their property and that they are entitled to relief under Section 502 of the Eminent Domain Code.

### ORDER

AND NOW, this 2nd day of December, 1994, after reargument before the Court en banc and further consideration of the issues, the May 24, 1993 order of the Court of Common Pleas of Delaware County is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that there was a de facto taking in this case. There is not sufficient evidence in the record to support the Court of Common Pleas of Delaware County's (Trial Court) finding that the Department of Transportation substantially impaired the Elsers' access to their property, or that they were deprived of the use and enjoyment of their property.

The majority finds that the Department of Transportation (DOT) physically appropriated a portion of the Elsers' yard for a right of way, and that they are entitled to consequential damages for permanent interference with their access to a road or highway. They have certainly alleged a trespass, but my examination of the testimony reveals there is insufficient evidence to establish that DOT substantially interfered with the Elsers' access.

Section 612 of the Eminent Domain Code, 26 P.S. § 1–612, provides that "[a]ll condemners, including the Commonwealth, shall be liable for damages to a property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken." However, for damages to be compensable the interference with access to the highway must be substantial. *Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989).

I do not believe that the evidence established that DOT's interference with the Elsers' access to the highway was substantial. The right of access "does not entitle the abutting owner to access at *all* points along the highway; it does entitle him to access, by reasonable and conventional means, to his property from the highway and from his property to the highway." *Richards*, 124 Pa.Commonwealth Ct. at 439, 556 A.2d at 513 n. 7. (emphasis in original).

The Trial Court's crucial finding that the Elsers do not have a reasonable alternative access to their property is not supported by the evidence. Mr. Elser testified that he has

always been able to enter and exit his property from Aston Mills Road. Mr. Elser complained that he was forced to create a new pathway to facilitate this access which required him to obtain a driveway permit. This does not entail the severe hardship which would constitute a substantial interference with the Elsers' access. Therefore, I would reverse the trial court's order, and remand the case with instructions to enter judgment for the Commonwealth.

PELLEGRINI, J., joins in this dissent.