# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RMBM Corporation, Inc.         :
                        :
        v.                       :   No. 202 C.D. 2020
                        :   SUBMITTED: December 8, 2020
Greg Harkins, Code Enforcement   :
Department Head, Debra Force,     :
Berwick Borough Manager, and     :
Alvin Hill, President of Borough of   :
Berwick,                         :
              Appellants       :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED: January 5, 2021

        Appellants Greg Harkins, Code Enforcement Department Head, Debra Force, Berwick Borough Manager, and Alvin Hill, President of Borough of Berwick (collectively, Appellants) appeal from the Court of Common Pleas of the 26th Judicial District — Columbia County Branch's (Trial Court) January 28, 2020 interlocutory order granting in part and denying in part Appellee RMBM Corporation, Inc.'s (Appellee) Motion for Partial Summary Judgment.[1] Through this order, the Trial Court granted peremptory mandamus relief to Appellee, as it found that there was no genuine issue of material fact regarding whether Appellee was

---

[1] The Trial Court's order is dated January 24, 2020, but was not sent to the parties until January 28, 2020. *See* Reproduced Record (R.R.) at 294a, 299a. Since this interlocutory order granted peremptory mandamus relief, it was immediately appealable as of right. Pa. R.A.P. 311(a)(5).

entitled to one of two driveway construction permits Appellee had sought. *See* Tr. Ct. Op., 1/28/20, at 2-13; Moskva Dep. at 51-52; R.R. at 125a. We reverse.

## I. Facts and Procedural History

On May 2, 2016, Appellee filed two driveway permit applications with the Borough of Berwick (Berwick), through which Appellee sought authorization to connect a roughly 33-acre property it owns in Berwick (Property) to Fairview Avenue and Spring Garden Avenue via two separate driveways. Compl., Ex. A. These applications were reviewed on behalf of Berwick by Quad3 Architecture Engineering Environmental Services (Quad3). *Id.*, Ex. B. Quad 3 then issued a letter on May 4, 2016, to Debra Force, Berwick's then-Manager, in which Quad3 stated it could not recommend approval of the applications unless they were substantially revised and supplemented with additional materials. *Id.* Appellee subsequently submitted a second iteration of its applications on May 12, 2016, followed by a third on July 12, 2016, neither of which were sufficient to garner recommendations of approval from Quad3. *Id*, Exs. D-E. Appellee then filed a fourth version of its applications on September 28, 2016. *Id.*, Ex. F. On October 14, 2016, Quad3 notified Ms. Force that it deemed the Fairview Avenue application to be satisfactory and recommended its approval. *Id.* Quad3 also recommended approval of the Spring Garden Avenue application, albeit with a caveat. *Id.* Quad3 noted that the driveway to Spring Garden Avenue would cross another piece of land and, though Appellee had an easement agreement with that parcel's owner, Quad3 deferred to the Berwick Solicitor's judgment as to whether Appellee needed the owner's affirmative consent to construct the driveway across his land. *Id.*

More than a year passed without any apparent movement by either Appellants or Appellee, before Appellee filed the instant suit in the Trial Court on January 11,

2018. Therein, Appellee argued that, per Section 9-5(B) of the Berwick Code,[2] Berwick's Code Enforcement Officer was required to render a decision regarding a permit application within 30 days of the application's submission.[3] Compl., ¶13. Appellee claimed that it was entitled to a writ of mandamus compelling Berwick to issue the driveway permits, as Appellee had remedied the applications' initial deficiencies and had secured Quad3's imprimatur, which, according to Appellee, therefore made approval of the applications mandatory. *Id.*, ¶¶13-14, 22, Wherefore Clause. In addition, Appellee requested monetary damages, in order to compensate it for Appellants' delays and their interference with Appellee's use of the Property. *Id.*, ¶¶17-21, Wherefore Clause.[4]

Appellants responded by filing an Answer and New Matter, after which the parties commenced discovery, which included deposing Roman Moskva, Appellee's President, on November 9, 2018. *See* R.R. at 76a (identifying Moskva's organizational role). During the course of his deposition, Moskva discussed the Property, the driveway construction applications, Berwick's review process, and Appellee's easement agreements with neighboring landowners. When asked how

---

[2] BERWICK CODE (1977), *as amended*; Supplemental Reproduced Record (S.R.R.) at 309a-19a.

[3] Section 9-5(B) reads as follows:

> Action on application. [Berwick's] Code Enforcement Officer shall examine said application to determine compliance with those other applicable codes and ordinances of Berwick and shall, within 30 days after filing, either approve or reject said application. If said application is rejected, the Code Enforcement Officer shall inform the applicant in writing, stating the reasons for such rejection.

Berwick Code § 9-5(B).

[4] Appellee alleged that, in addition to dragging their heels regarding approving the applications, Appellants had blocked the proposed driveway locations with unspecified types of barricades. Compl., ¶¶17-18.

Appellee could potentially access the Property, other than through Fairview Avenue and Spring Garden Avenue, Moskva responded that

> [the Property is] a relatively large parcel, so there [are] a lot of access points. There [are] access points from different easements and Route 93. There is a Route 11 easement. There is another street in Berwick that follows Spring Garden [Avenue], I think it's Brittain Street, that's about a hundred yards away.
>
> . . . .
>
> [A]nd I believe there is a Steel Street [access point in Berwick], you know. So we have rights to both of those as well.

Moskva Dep. Tr. at 43-44; R.R. at 123a. Appellants also showed Moskva a letter that had been allegedly sent to him on February 20, 2018, by Curt Rider, Berwick's Building Code Official/Code/Zoning Official. This letter informed Moskva that Berwick had denied the applications because approval would enable Appellee to construct "access drives" extending both Fairview Avenue and Spring Garden Avenue as public streets, rather than just private driveways. Appellants' Br. in Opp'n to Mot. for Partial Summ. J., Ex. 5; Moskva Dep. Tr. at 92-93; R.R. at 135a-36a. As explained in Rider's letter, Appellee's current applications were substantively deficient, due to the Berwick Code's requirements covering access drives, which differed from those governing construction of driveways, and had to be reviewed by Berwick's Council before they could be approved. Appellants' Br. in Opp'n to Mot. for Summ. J., Ex. 5. This letter also informed Moskva that, at his discretion, he could challenge these denials before Berwick's Code Hearing Board of Appeals. *Id.*; *see* Berwick Code § 9-2 (establishing Code Hearing Board of Appeals and appeal process for Code Enforcement Officer's decisions); S.R.R. at 310a-11a. Moskva adamantly stated that he had never seen this letter before and that his attorney would

4

certainly have responded to the denial had they been aware of it. Moskva Dep. Tr. at 93-94; R.R. at 136a.[5]

Appellee thereafter filed its Motion for Partial Summary Judgment on May 13, 2019, in which it reiterated its argument that Section 9-5(B) of the Berwick Code placed upon Berwick a mandatory, ministerial duty to rule upon Appellee's permit applications within 30 days of the applications' filing. Appellee's Br. in Support of Mot. for Partial Summ. J. at 3-4.[6] Given Berwick's failure to comply with this deadline, as well as Quad3's recommendation that Appellee's applications be approved, Appellee claimed that it was entitled, at the summary judgment stage, to a Writ of Mandamus directing Appellants to issue the desired permits. *Id.* at 4-5. Appellants responded in opposition, after which the Trial Court held oral argument on October 22, 2019, and eventually granted the Motion for Partial Summary Judgment in part and denied it in part on January 28, 2020.

The Trial Court determined that there were no genuine issues of material fact as to whether Appellee was entitled to approval of the Fairview Avenue permit, but the same could not be said regarding the Spring Garden Avenue permit. The Trial Court agreed with Appellee that Section 9-5(B) of the Berwick Code placed a clear duty upon Berwick to rule upon Appellee's permit applications within 30 days of their submission. Tr. Ct. Op., 1/28/20, at 7. The Trial Court then examined *Breinig v. County of Allegheny*, 2 A.2d 842 (Pa. 1938), which it read as holding that

---

[5] Notably, the address to which Rider's letter was sent, 1801 West Front Street, Berwick, Pennsylvania 18603, is different from the address listed on both applications for Appellee and Moskva, 1892 West Front Street, Berwick, Pennsylvania 18603. *Compare* Compl., Ex. A, *with* Appellants' Br. in Opp'n to Mot. for Summ. J., Ex. 5.

[6] Appellee also presented what amounts to an alternate argument, *i.e.*, that Berwick was required to rule upon the applications no later than 30 days after Quad3 recommended their approval. *See* Appellee's Br. in Support of Mot. for Partial Summ. J. at 4.

municipalities cannot unreasonably prevent landowners from securing access to public streets from their properties. Tr. Ct. Op., 1/28/20, at 7-8. Additionally, the Trial Court briefly discussed *Verratti v. Ridley*, 206 A.2d 13 (Pa. 1965), citing it for the proposition that a municipality could be compelled via mandamus to issue a permit, where the right to that permit was clear and, thus, its issuance was a ministerial act, rather than one requiring discretion. Tr. Ct. Op., 1/28/20, at 11-12. The Trial Court also criticized the fact that it took nearly two years and the filing of a lawsuit for Berwick to take action, as well as Berwick's failure to send the Rider denial letter to the correct address. *Id.* at 9-10.

Tying these points together, the Trial Court concluded that Appellee had established a clear right to connect the Property via a driveway to Fairview Avenue, that Berwick had a nondiscretionary, ministerial duty to approve the Fairview Avenue application, and that Appellee had no other viable legal avenue to obtain approval of that application, other than via a mandamus action. *Id.* at 7-8, 12. By contrast, the Trial Court determined that there was a genuine issue of material fact as to whether mandamus relief was proper for the Spring Garden Avenue application, as it was unclear whether Appellee needed to secure an adjacent landowner's approval in order to build the proposed driveway across an easement. *Id.* at 12-13.

In doing so, the Trial Court minimized Moskva's admission that there were numerous access points to the Property, other than those implicated by Appellee's applications, by stating that "[Appellee] still has a right to reasonable access to [the P]roperty from a public highway without capricious and arbitrary interference." *Id.* at 8-9. Furthermore, though the Trial Court acknowledged that Moskva had learned at his November 2018 deposition that Berwick had denied the applications, the Trial

6

Court nonetheless stated that it would be "burdensome on the judicial system and [Appellee]" to require Appellee to appeal that denial. *Id.* at 12. In essence, the Trial Court concluded that the most efficient choice was to grant the peremptory mandamus relief the Trial Court believed Appellee was due, rather than to delay resolution of the underlying dispute by forcing Appellee to go through the standard procedural channels. *Id.* This appeal followed.[7]

## II. Discussion

On appeal,[8] Appellants' challenges to the Trial Court's decision can be distilled down to a single point: Appellants believe the Trial Court erred by granting peremptory mandamus relief to Appellee, as, in Appellants' view, there are genuine issues of material fact as to whether Appellee was entitled to approval of its Fairview Avenue application. *See* Appellants' Br. at 23-47.[9]

"It is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other

---

[7] On March 9, 2020, the Trial Court ordered Appellants to file a Statement of Errors Complained of on Appeal. Appellants complied with this directive on March 20, 2020. The Trial Court then issued a short, single-page opinion on May 5, 2020, stating therein that its earlier January 28, 2020 opinion fully and satisfactorily addressed all of the arguments Appellants sought to raise on appeal. Tr. Ct. Op., 5/5/20, at 1.

[8] When considering an appeal stemming from a lower court's decision to grant a judgment of peremptory mandamus, we are limited to determining whether the lower court abused its discretion or committed an error of law. *Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362, 368 n.4 (Pa. Cmwlth. 2015).

[9] Appellants also argue that the Trial Court erred by declining to dismiss Ms. Force from this action because, according to Appellants, Ms. Force is not a proper defendant to Appellee's action because she is no longer a Berwick employee. Appellants' Br. at 48. We decline to address this issue, as it appears that Appellants never formally moved to have the Trial Court dismiss Ms. Force from this matter and, thus, there is no denial of such relief for us to review.

appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "To obtain peremptory judgment, in addition to showing the elements for mandamus relief, the moving party must show that on the facts of record, and those facts that may be developed at trial, the right to judgment is clear. . . . Further, [the c]ourt must examine the existing and potential record in the light most favorable to the non-moving party." *Scarnati v. Dep't of Env't Prot.*, 220 A.3d 723, 730 (Pa. Cmwlth. 2019), *aff'd*, 240 A.3d 536 (Pa. 2020) (internal citation omitted); Pa. R.C.P. No. 1098 ("At any time after the filing of the complaint, the court may enter [a peremptory mandamus] judgment if the right of the plaintiff thereto is clear.").

> While a decision on a motion for peremptory [mandamus] judgment is subject to the same standards as a motion for summary judgment, *i.e.*, no material issue of fact and clear legal right to relief, the court is not limited, as on summary judgment, to consideration of pleadings, depositions, admissions, affidavits, expert reports and answers to interrogatories, but may enter peremptory judgment after conducting a hearing at which the court determines that there are no material factual disputes.

*Reiver v. Kraines*, 838 A.2d 814, 817 n.3 (Pa. Cmwlth. 2003).

We conclude that the Trial Court improperly granted Appellee peremptory mandamus relief regarding the Fairview Avenue application for several reasons. First, the Trial Court erroneously determined that Section 9-5(B) of the Berwick Code placed a clear, mandatory duty upon Berwick to rule upon Appellee's applications within 30 days of their submission. To reiterate, this provision reads as follows:

> Action on application. [Berwick's] Code Enforcement Officer shall examine said application to determine compliance with those other applicable codes and ordinances of [Berwick] and shall, within 30 days after filing, either approve or reject said application. If said application is rejected, the Code Enforcement Officer shall inform the applicant in writing, stating the reasons for such rejection.

Berwick Code § 9-5(B); S.R.R. at 317a. The import of "shall," as used in Section 9-5(B), is key.[10]

> "The word 'shall' . . . can be interpreted as mandatory or merely directory." *Francis v. Corleto*, . . . 211 A.2d 503, 509 ([Pa.] 1965). A court must "look to the intention and purpose of the statute[, ordinance, or regulation] in determining whether the word *shall* is to be given a permissive or imperative meaning." *Division 85, Amalgamated Transit Union v. Port Auth. of Allegheny Cnty.*, . . . 208 A.2d 271, 272 ([Pa.] 1965) (emphasis in original).

*In re Sale of Real Estate by Lackawanna Cnty. Tax Claim Bureau*, 22 A.3d 308, 314 (Pa. Cmwlth. 2011).

> "When a statute[, ordinance, or regulation] directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute[, ordinance, or regulation] as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done."

---

[10] Interpretation of the language used in a local ordinance, rule, or regulation is a legal question for which our standard of review is *de novo* and our scope of review is plenary. *S & H Transp., Inc. v. City of York*, 210 A.3d 1028, 1038 (Pa. 2019). "Although the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, is not expressly applicable to the construction of local ordinances, the rules of statutory construction are applicable to statutes and ordinances alike." *Geerling Florist, Inc. v. Bd. of Supervisors of Warrington Twp.*, 226 A.3d 670, 676 (Pa. Cmwlth. 2020).

*Com. ex rel. Duff v. Eichmann*, 45 A.2d 38, 39 (Pa. 1946) (quoting *Deibert v. Rhodes*, 140 A. 515, 517 (Pa. 1928)). Though Section 9-5(B) of the Berwick Code states that Berwick's Code Enforcement Officer "shall" render a decision regarding a permit application within 30 days of the application's filing, there is nothing that suggests that a failure to do so results in the automatic approval of the affected application or imbues the applicant with any specific substantive rights. The essence of Section 9-5(B) is that Berwick's Code Enforcement Officer will review each permit application and render a decision, not that the Officer's failure to do so within a specific time window deprives the Officer of their dispositional powers. As such, we conclude that the use of the word "shall" in Section 9-5(B) is merely directory and, thus, Berwick's Code Enforcement Officer was not required to issue a ruling regarding the Fairview Avenue application within 30 days of its submission. *Verratti* is therefore inapposite, as in contrast to that matter, there was no ministerial obligation to approve this application and, thus, no clear right to relief in this situation.[11]

In addition, by concluding at this stage in the proceedings that Appellee had a clear right to approval of its Fairview Avenue application, the Trial Court disregarded the high bar for granting peremptory mandamus relief. It is true, per *Breinig*, that a municipality may not deny a landowner reasonable access to their own land, unless it adequately compensates the landowner for depriving them of this right to access. 2 A.2d at 847. It is also true that "[r]easonable access to one's

---

[11] We do not dispute that "[t]he issuance of licenses and permits under conditions laid down by the legislative authorities is a ministerial or administrative function." *Breinig*, 2 A.2d at 850. Rather, we merely decline to hold that, under the unique facts of this matter, the Code Enforcement Officer's failure to rule upon the Fairview Avenue application within a specific time window created a ministerial duty to both disregard this application's substance and grant the desired permit.

10

property is a question of fact to be determined by the trial court." *Elser v. Dep't of Transp.*, 651 A.2d 567, 570 (Pa. Cmwlth. 1994). However, given that Moskva himself admitted that the Property has a multitude of potential locations for ingress and egress to nearby roads, it is not beyond dispute whether approval of the Fairview Avenue application is necessary to enable reasonable access to the Property. Furthermore, as shown through Rider's letter, Berwick has concluded that Appellee actually sought authorization to build access drives, which are subject in Berwick to different requirements and a different review process than driveway construction applications. Viewing these points in the light most favorable to the non-movants, as we must, it is plainly evident that there are genuine issues of material fact which preclude the granting of peremptory mandamus relief in Appellee's favor, as well as that the Trial Court erred by concluding otherwise.

Finally, the Trial Court erred by determining that Appellee had no other appropriate and adequate legal remedy in the absence of mandamus. Like the Trial Court, we are troubled by the fact that Berwick took almost two years to rule upon Appellee's applications, only acted after Appellee had commenced litigation, and inexplicably sent the Rider letter memorializing Berwick's decision to the wrong address. However, it remains that Moskva was presented with this letter at his deposition in November 2018 and was thus notified the Fairview Avenue application had been denied, as well as that this denial could be challenged before Berwick's Code Hearing Board of Appeals. Simply put, Appellee cannot seek to obtain the desired Fairview Avenue driveway permit via mandamus because it has the ability to contest the underlying application's denial through the administrative process set forth in the Berwick Code. Though the Trial Court's invocation of judicial economy has seductive appeal, we cannot allow Appellee to skip past a viable avenue for legal

11

relief, as doing so would completely disregard the fact that mandamus may be granted only under extraordinary circumstances.

### III. Conclusion

On the basis of the foregoing analysis, we conclude that the Trial Court erred by partially granting Appellee's Motion for Partial Summary Judgment and consequently reverse the Trial Court's January 28, 2020 order, to the extent this order granted Appellee peremptory mandamus relief against Appellants and directed Berwick to approve Appellee's Fairview Avenue application. We remand this matter to the Trial Court for further proceedings consistent with this opinion.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RMBM Corporation, Inc.      :
     :
     v.      :    No. 202 C.D. 2020
     :
Greg Harkins, Code Enforcement      :
Department Head, Debra Force,      :
Berwick Borough Manager, and      :
Alvin Hill, President of Borough of      :
Berwick,      :
                   Appellants      :

# **O R D E R**

AND NOW, this 5th day of January, 2021, it is HEREBY ORDERED that the Court of Common Pleas of the 26th Judicial District — Columbia County Branch's (Trial Court) January 28, 2020 order, which granted in part and denied in part Appellee RMBM Corporation, Inc.'s (Appellee) Motion for Partial Summary Judgment, is REVERSED, to the extent this order granted Appellee peremptory mandamus relief and directed the Borough of Berwick to approve Appellee's Fairview Avenue driveway permit application. It is FURTHER ORDERED that this matter is REMANDED to the Trial Court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge